JUAN HERNÁNDEZ MARXUACH APELLANIZ y OTROS, demandantes, *v.* MARXUACH CONSTRUCTION COMPANY, demandado y peticionario, y demandante contra tercero; FEDERAL INSURANCE COMPANY, tercero demandado y recurrido.

*Número:* CC-97-12          *Resuelto:* 3 de febrero de 1997

*Julio A. Díaz Valdés*, de *Lespier & Muñoz Noya*, abogado del peticionario.

PER CURIAM: Ante la repetida presentación de recursos de *certiorari* y de apelación que no toman en consideración los cambios sustanciales efectuados por la Ley Núm. 249 de 25 de diciembre de 1996 a las Reglas 47 y 53.1 de Procedimiento Civil, según enmendadas, 32 L.P.R.A. Ap. III, nos vemos precisados a aclarar los efectos que tiene la presentación de una moción de reconsideración ante el Tribunal de Circuito de Apelaciones sobre el término para acudir al Tribunal Supremo a revisar las actuaciones del Tribunal de Circuito de Apelaciones que fueron objeto de la moción

494

de reconsideración. Veamos los hechos procesales pertinentes.(¹)

En instancia, la parte demandante presentó una demanda por daños y perjuicios contra la aquí peticionaria Marxuach Construction Company, Inc. (en adelante Marxuach) el 4 de mayo de 1990. El 11 de junio de 1992 Marxuach presentó una demanda contra tercero en contra de Federal Insurance Company (en adelante Federal), aquí recurrida. Después de varios incidentes procesales, el 29 de enero de 1996 el Tribunal de Primera Instancia dictó una sentencia parcial mediante la cual desestimó con perjuicio la demanda contra tercero en contra de Federal. La copia de la notificación de dicha sentencia fue archivada en autos el 9 de febrero de 1996, fecha en que comenzó a decursar el período para acudir al Tribunal de Circuito de Apelaciones a revisar la sentencia dictada por el Tribunal de Primera Instancia. Oportunamente, el 5 de marzo de 1996, Marxuach presentó ante el Tribunal de Circuito de Apelaciones su escrito de apelación para solicitar que se revocara la sentencia sumaria parcial dictada por el Tribunal de Primera Instancia.

El 20 de noviembre de 1996 el Tribunal de Circuito de Apelaciones emitió una sentencia en la que confirmó la dictada por el Tribunal de Primera Instancia. La notificación de esta sentencia fue archivada en autos el 9 de diciembre de 1996, fecha en la cual comenzó a decursar el período jurisdiccional de treinta (30) días para acudir ante nos mediante *certiorari* a revisar las sentencias finales dictadas por el Tribunal de Circuito de Apelaciones en recursos de apelación. Art. 3.002(d)(1) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22i(d)(1); Regla 20(a)(1) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI. Oportunamente, el 23 de diciembre de 1996 Marxuach presentó una moción de reconsideración ante el Tribunal de Circuito de Apelaciones.

---

(¹) Dado que lo que se plantea en este momento es un asunto que impide el ejercicio de nuestra jurisdicción en los méritos del recurso presentado, y en atención al resultado al que llegamos, nada tratamos en la presente en torno a éstos.

El 8 de enero de 1997, antes de que el Tribunal de Circuito de Apelaciones resolviera la moción de reconsideración, Marxuach presentó ante nos el recurso de *certiorari* que nos ocupa. En éste la parte peticionaria reconoció lo siguiente:

> Habiéndose presentado moción de reconsideración el 23 de diciembre de 1996, ello dentro del término dispuesto en el Reglamento del Tribunal de Circuito de Apelaciones, entendemos que el término para radicar el presente recurso ha quedado interrumpido hasta tanto el Tribunal de Circuito de Apelaciones resuelva la moción de reconsideración. No obstante, ante una interpretación de que al caso de autos le fuese de aplicación las disposiciones del Reglamento del Tribunal Supremo que entró en vigor el 24 de enero de 1995, se radica este recurso. Petición de *certiorari*, pág. 2.[2]

Fue correcta la interpretación de la peticionaria en torno al efecto interruptor de la presentación de la moción de reconsideración sobre el término para acudir ante nos para revisar la sentencia dictada por el Tribunal de Circuito de Apelaciones. Procede, por lo tanto, desestimar el recurso por carecer de jurisdicción, siendo éste prematuro.

---

[2] Es insostenible la posibilidad de que al presente caso le sea de aplicación el ordenamiento procesal existente antes de 1ro de mayo de 1996, fecha en que entraron en vigor las Leyes Núm. 249 y Núm. 251 de 25 de diciembre de 1995, que enmendaron las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, y de Procedimiento Criminal, 34 L.P.R.A. Ap. II, respectivamente. Una teoría como la que sostendría esta posición no atiende el objeto de la referida reglamentación procesal apelativa. En este tipo de legislación lo verdaderamente crítico para fines de determinar la disposición legal aplicable es la actuación que ha de ser revisada. Por lo tanto, en relación con la legislación que ahora nos ocupa, la aplicación de una disposición legal anterior, o una posterior que ha desplazado a la primera depende, en términos generales, de la fecha en que se dicta la sentencia que habrá de ser revisada o el momento en que comienza a decursar el período para acudir en alzada al tribunal revisor. Así lo reconocimos implícitamente al aprobar las Reglas de Transición en torno a la aplicación de los Reglamentos del Tribunal Supremo y del Tribunal de Circuito de Apelaciones, aprobados el 26 de abril de 1996, que están actualmente en vigor. Así, por ejemplo, la Regla 3 de Transición dispone que:

"La Ley de la Judicatura de 1994, según enmendada, y este Reglamento serán de aplicación a toda decisión dictada o emitida, por un tribunal o una agencia administrativa, el 1ro de mayo de 1996 o con posterioridad a esta fecha." 4 L.P.R.A. Ap. XXI-A.

A la luz de lo anterior, y en atención a que la sentencia cuya revisión se solicita mediante el presente recurso se dictó el 20 de noviembre de 1996 y la copia de su notificación fue archivada en autos el 9 de diciembre de 1996, es claro que el ordenamiento aplicable es el vigente a dicha fecha.

No obstante, hemos decidido aclarar la norma que se debe seguir en este tipo de situación, dada la frecuencia con que se presentan ante nos recursos que adolecen de la misma falta. Veamos.

La Ley Núm. 249 de 25 de diciembre de 1995 enmendó las Reglas de Procedimiento Civil. En lo aquí pertinente, la Regla 47 de Procedimiento Civil, *supra,* según enmendada, dispone lo siguiente:

> La parte adversamente afectada por una resolución final o sentencia del Tribunal de Circuito de Apelaciones podrá, dentro del término improrrogable de quince (15) días desde la fecha del archivo en los autos de una copia de la notificación de la resolución o sentencia, presentar una moción de reconsideración. El término para apelar o recurrir al Tribunal Supremo comenzará a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Circuito de Apelaciones resolviendo definitivamente la moción de reconsideración. 32 L.P.R.A. Ap. III.

La Regla 53.1 de Procedimiento Civil, *supra,* por su parte, dispone lo siguiente en torno al efecto interruptor de la presentación de la moción de reconsideración:

> (h) *Interrupción del término para presentar una solicitud de certiorari ante el Tribunal Supremo.*—El transcurso del término para presentar ante el Tribunal Supremo una solicitud de *certiorari* de una sentencia o resolución final del Tribunal de Circuito de Apelaciones se interrumpirá por la oportuna presentación de una moción de reconsideración de conformidad con lo dispuesto en la Regla 47. El referido término comenzará a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Circuito de Apelaciones resolviendo definitivamente la moción de reconsideración. Regla 53.1(h) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

En conformidad con lo expuesto en las reglas citadas, al aprobar el Reglamento del Tribunal de Circuito de Apelaciones incluimos en su Regla 84, en lo pertinente, una disposición a los mismos efectos:

> El término para apelar o recurrir al Tribunal Supremo comenzará a contarse de nuevo a partir del archivo en autos de

copia de la notificación de la resolución o sentencia del Tribunal de Circuito de Apelaciones que resuelva definitivamente la moción de reconsideración. Regla 84(a) del Reglamento del Tribunal de Circuito de Apelaciones de 1ro de mayo de 1996 (4 L.P.R.A. Ap. XXII-A).([3])

De las disposiciones antes citadas surge con meridiana claridad que la mera presentación oportuna de una moción de reconsideración ante el Tribunal de Circuito de Apelaciones interrumpe el período para recurrir en alzada al Tribunal Supremo. En cuanto al tema que nos ocupa, esto implica que la actuación del Tribunal de Circuito de Apelaciones que es objeto de la moción de reconsideración pierde finalidad, encontrándose aún sometida a la consideración de dicho tribunal.([4]) El término para recurrir al Tribunal Supremo se reactiva cuando el Tribunal de Circuito de Apelaciones resuelve definitivamente la moción de reconsideración. La presentación de dicha moción produce en consecuencia un desplazamiento del objeto básico de nuestra jurisdicción apelativa, la cual necesita de una actuación del Tribunal de Circuito de Apelaciones que pueda ser revisada. La moción de reconsideración ante el Tribunal de Circuito de Apelaciones tiene el efecto de eliminar la

---

([3]) A los mismos efectos fueron enmendadas las Reglas de Procedimiento Criminal, mediante la Ley Núm. 251, *supra*. Dispone en la actualidad la Regla 216 de Procedimiento Criminal:

"La parte adversamente afectada por una resolución final o sentencia del Tribunal de Circuito de Apelaciones podrá, dentro del término improrrogable de quince (15) días desde la fecha del archivo en los autos de una copia de la notificación de la resolución o sentencia, presentar una moción de reconsideración. El término para recurrir al Tribunal Supremo comenzará a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Circuito de Apelaciones resolviendo definitivamente la moción de reconsideración." Regla 216 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Por lo tanto, la presentación ante el Tribunal de Circuito de Apelaciones de una moción de reconsideración en un caso criminal tiene los mismos efectos interruptores que exponemos en esta opinión sobre los términos para recurrir al Tribunal Supremo.

([4]) Presentada oportunamente una moción de reconsideración ante el Tribunal de Circuito de Apelaciones, quedan vigentes tanto las órdenes interlocutorias dictadas por dicho tribunal como los efectos impuestos por ley sobre los procedimientos en el Tribunal de Primera Instancia como producto de la presentación de un recurso o la expedición de un auto, según sea el caso, hasta que el Tribunal de Circuito de Apelaciones resuelva definitivamente la reconsideración u otra cosa disponga.

virtualidad de lo actuado por dicho tribunal, impidiendo en consecuencia que podamos ejercer nuestra jurisdicción revisora mediante los recursos de apelación o *certiorari*. En definitiva, ante la presentación de una moción de reconsideración se desvanece lo actuado por el Tribunal de Circuito de Apelaciones, por lo que nos encontramos carentes de jurisdicción para atender el recurso que se nos presenta solicitando la revisión de dicha actuación. Cabe señalar, además, que el hecho de que el Tribunal de Circuito de Apelaciones haya resuelto la moción de reconsideración, denegándola o modificando en parte lo resuelto no reactiva automáticamente el recurso presentado prematuramente ante nos. Si la parte aun interesa que revisemos el dictamen del Tribunal de Circuito de Apelaciones, tiene que presentar el recurso apropiado, ya fuere *certiorari* o apelación, dentro de los términos jurisdiccionales provistos en la ley.

█ Ante el ordenamiento vigente, el mero transcurso del tiempo no elimina el impedimento que hemos descrito. A diferencia de lo aplicable en torno a las mociones de reconsideración que se presentan ante el Tribunal de Primera Instancia, las disposiciones que reglamentan la reconsideración ante el Tribunal de Circuito de Apelaciones no condicionan el efecto interruptor de la presentación. La Regla 47 de Procedimiento Civil, *supra*, en lo pertinente, aún dispone en torno a la moción de reconsideración que se presenta ante el Tribunal de Primera Instancia que:

> ... [e]l tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de *certiorari* se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de *certiorari* empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.

Esta disposición no aplica a las mociones de reconsideración que se presentan ante el Tribunal de Circuito de Apelaciones, por lo que el temor de que transcurra el período jurisdiccional para recurrir al Tribunal Supremo es insostenible.

Por las razones expuestas, *se dictará sentencia para declarar no ha lugar al recurso de certiorari presentado en el caso de epígrafe por prematuro, sin que lo anterior se entienda como un impedimento para que la peticionaria presente el recurso de nuevo, una vez el Tribunal de Circuito de Apelaciones archive en autos una copia de la notificación de la resolución o sentencia y resolver definitivamente la moción de reconsideración. Es en este momento que comienza a decursar el período jurisdiccional para acudir en alzada ante nos para revisar lo finalmente resuelto por el tribunal.*

El Juez Asociado Señor Fuster Berlingeri no intervino.