Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| JESÚS SERRANO CORREA<br><br>Recurrente<br><br>v.<br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)<br><br>Recurrida | KLRA202300579 | Revisión Administrativa procedente del Departamento del Trabajo y Recursos Humanos<br><br>Apelación Núm.: SJ-01631-23<br>S.S. Núm.: XXX-XX-0820<br><br>Sobre:<br><br>Inelegibilidad a los Beneficios del Seguro por Desempleo, Sección 4(b)(2) de la Ley de Seguridad de Empleo de Puerto Rico |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

Comparece el señor Jesús Serrano Correa (señor Serrano Correa o peticionario) vía revisión administrativa para solicitar la revocación de la *Resolución* del Árbitro de la División de Apelaciones del Departamento del Trabajo y Recursos Humanos (DTRH), notificada el 23 de junio de 2023. Mediante el mencionado dictamen, se descalificó al señor Serrano Correa de recibir beneficios de compensación por desempleo. Adelantamos la desestimación del recurso por falta de jurisdicción, al tratarse de uno tardío.

En síntesis, y a lo pertinente a nuestra decisión, la *Resolución* fue notificada el 23 de junio de 2023. No obstante, esta información se obtiene de la decisión del Secretario del Trabajo y Recursos Humanos (Secretario) ante un supuesto recurso de apelación del señor Serrano

Correa, ya que el recurrente no presentó copia de la *Resolución*. Por su parte, la referida decisión del Secretario confirma la *Resolución* y fue notificada el 22 de agosto de 2023. Posterior a las denegaciones del DTRH de otorgarle los beneficios de compensación por desempleo, el señor Serrano Correa presentó el 9 de noviembre de 2023 un recurso de revisión administrativa ante este Tribunal de Apelaciones.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley de Procedimientos Administrativos Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Por otra parte, la jurisdicción consiste en el "poder que tiene [el tribunal] para atender y decidir casos y controversias". *Pérez Rodríguez*

*v. López Rodríguez et. al.*, 210 DPR 163 (2022) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 249 (2012); *Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Cruz Parilla v. Depto. Vivienda*, 184 DPR 393 (2012) (citando a *García Ramis v. Serallés*, 171 DPR 250, 254 (2007)). En tal sentido, un recurso prematuro o uno tardío privan de jurisdicción al tribunal al cual se recurre. *Yumac Home v. Empresas Masso*, 194 DPR 96 (2015). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Báez Figueroa v. Administración de Corrección*, 209 DPR 288 (2022) (citando a *SLG Szendry-Ramos v. F. Castillo Family Properties, Inc.*, 169 DPR 873, 883 (2007)). Ante dicho escenario, la Regla 83(2) del *Reglamento del Tribunal de Apelaciones* contempla la desestimación de un recurso por este haber sido presentado fuera del término de cumplimiento estricto dispuesto por ley, sin existir justa causa para ello. Regla 83(2) del Tribunal de Apelaciones, *supra*.

Cónsono con lo anterior, la LPAU establece que la parte adversamente afectada por una resolución final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución, presentar una moción de reconsideración. Sec. 3.15 de la Ley Núm. 38-2017, *supra*. De agotar todos los remedios administrativos, la parte adversamente afectada podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro del término de treinta (30) días contados a partir de la fecha del archivo en autos de la notificación de la resolución final. Sec. 4.2 de la Ley Núm. 38-2017,

*supra*. De no presentarse oportunamente la solicitud de revisión administrativa, el foro apelativo carecerá de jurisdicción para evaluar el caso en contienda. Véase *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp. et al.*, 182 DPR 86 (2011) (citando a *Rodríguez Díaz v. Pierre Zegarra*, 150 DPR 649 (2000); *Hernández Apellaniz v. Marxuach Const.*, 142 DPR 492 (1997)).

De conformidad con los hechos del presente caso, el señor Serrano Correa presentó su recurso de revisión administrativa el 9 de noviembre de 2023, cuarenta y nueve (49) días después de la notificación de la decisión del Secretario. Por lo tanto, y de acuerdo con la Sección 4.2 de la LPAU, este Tribunal carece de jurisdicción sobre la controversia recurrida.

Por los fundamentos expuestos, desestimamos el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones