ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| SUHEILA E. LACEN PÉREZ<br><br>RECURRENTE<br><br><br>V.<br><br><br><br>HIRAM CASTILLO HERNÁNDEZ<br><br>RECURRIDA | KLRA202300630 | *REVISIÓN JUDICIAL* procedente del Departamento de la Familia, Administración para el Sustento de Menores, Juez Administrativo/a Sala de San Juan<br>_____<br>Caso Número: 0489316<br>_____<br>SOBRE:<br>Alimentos (Revisión Acreditación) |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# S E N T E N C I A

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

Comparece ante nos el Sr. Hiram Castillo Hernández (señor Castillo Hernández o Recurrente) y solicita que revisemos una *Orden* emitida por la Honorable Jueza Administrativa Gloria E. Ortiz Martínez (Jueza Administrativa), de la Administración Para el Sustento de Menores (ASUME), Oficina Regional de San Juan, el 7 de noviembre de 2023, notificada en esa misma fecha. Por medio del referido dictamen, la Jueza Administrativa señaló una nueva vista para atender las alegaciones de las partes y, además, le ordenó al Sr. Jezreel De Jesús, Oficial de Pensiones Alimentarias (OPA) a comparecer a la misma.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso ante nuestra consideración por falta de jurisdicción por ser prematuro.

-I-

El 7 de noviembre de 2023, la Jueza Administrativa en el caso de epígrafe celebró una vista sobre *Revisión de Orden de*

*Acreditación*. Celebrada la misma, la Jueza Administrativa emitió una *Resolución*[1] mediante la cual ordenó la revisión del balance de la deuda para que reflejara el balance correcto, a saber, $4.59. En apoyo a su determinación, la *Resolución* esbozó las siguientes determinaciones de hechos:

1- La Lcda. Jessica Rivera Pacheco señaló que conforme con la reconciliación de la cuenta el peticionado debió pagar la cantidad de $37,479.46 y pagó $37,474.87. Por consiguiente, el balance de la deuda es $4.59. Por consiguiente, esta solicitó que se revise el balance de la deuda.

2- La Lcda. Juliana Batista indicó que si eso es lo que surge de la reconciliación de la cuenta, se debe revisar el balance de la deuda.

En esa misma fecha, la Procuradora Auxiliar de ASUME presentó una *Moción Solicitando Reconsideración*[2] de la determinación de la Jueza Administrativa. En síntesis, solicitó una vista presencial con las partes, el oficial de pensiones alimentarias y la suscribiente para que se "puedan explicar los números de una mejor manera, y de tener que hacer los cálculos de manera conjunta hacerlos."

Consecuentemente, el señor Castillo Hernández presentó su correspondiente *Oposición a Reconsideración*[3]. En ella, arguyó que, durante la vista administrativa la procuradora auxiliar expresó no tener reparo con lo vertido para récord ni con los cómputos. Además, alegó que de la moción de reconsideración no surge ningún señalamiento de error con relación a la determinación realizada por la Jueza Administrativa.

---

[1] Apéndice del Recurso, págs. 76-79.
[2] *Id.*, págs. 80-81.
[3] Id., págs. 82-83.

Posteriormente, la Jueza Administrativa emitió una *Orden*[4] mediante la cual señaló una vista presencial para el 27 de noviembre de 2023, para discutir las alegaciones de las partes. De igual forma, le ordenó al OPA a comparecer a la misma. Sin embargo, a petición e las partes, la vista administrativa fue reseñalada para el 12 de diciembre de 2023.[5]

Inconforme, el 7 de diciembre de 2023, el recurrente acudió ante este Tribunal de Apelaciones mediante un recurso de *Revisión de Decisión Administrativa* en el cual realizó los siguientes señalamientos de error:

> ERRÓ LA JUEZ ADMINISTRATIVA DE ASUME AL PERMITIR QUE LA PARTE RECURRIDA INTENTE PRESENTAR PRUEBA SUSTANTIVA NUEVA Y A DESTIEMPO, AL PRETENDER INCLUIR UN TESTIGO CON POSTERIORIDAD A HABERSE CELEBRADO UNA VISTA EN LOS MÉRITOS, HABER SIDO SOMETIDO EL CASO POR LAS PARTES Y LA JUEZ ADMINISTRATIVA HABER EMITIDO Y NOTIFICADO UNA RESOLUCIÓN FINAL.
>
> ERRÓ LA JUEZ ADMINISTRATIVA DE ASUME AL ACOGER UNA MOCIÓN DE RECONSIDERACIÓ QUE NO SEÑALA NINGÚN ERROR EN LA APRECIACIÓN DE LA PRUEBA O APLICACIÓN DEL DERECHO DE LA RESOLUCIÓN FINAL EMITIDA EL 7 DE NOVIEMBRE DE 2023.

Posteriormente, el 8 de diciembre de 2023, el recurrente presentó ante este Tribunal de Apelaciones un auxilio de jurisdicción solicitando la paralización de la vista administrativa señalada para el 12 de diciembre de 2023, la cual fue ordenada con el propósito de presentar el testimonio de un testigo nuevo. Ello, luego de que el asunto fuese sometido por las partes y, más aún, posterior a que la Jueza Administrativa hubiese emitido su *Resolución*. El 11 de diciembre de 2023, notificada en esa misma fecha, este Tribunal declaró *Ha Lugar* el auxilio de jurisdicción y dejó sin efecto la vista administrativa señalada para el 12 de diciembre de 2023. De igual forma, le concedió a la parte

---

[4] *Id*., págs. 84-86.
[5] *Id*., págs. 87-88.

recurrida hasta el 14 de diciembre de 2023, para presentar su oposición.

-II-

### A. Jurisdicción

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[6] Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional.[7] Esto, debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción.[8]

Así pues, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse de manera preferente.[9] Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia.[10]

De conformidad con lo anterior, se entiende que un *recurso prematuro* es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción.[11] Consecuentemente, un recurso prematuro, al igual que uno

---

[6] *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 267 (2018). Véanse, además: *Yumac Home v. Empresas Massó, supra; Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[7] *Id.*, pág. 268; *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al., supra*, pág. 457; *Cruz Parrilla v. Depto. Vivienda, supra*, pág. 403.
[8] *Id.; Cordero et al. v. ARPe et al., supra*, pág. 457.
[9] *Id.; Mun. de San Sebastián v. QMC Telecom, supra*, pág.660; *Horizon v. Jta. Revisora, RA Holdings, supra*, pág.234; *Cordero et al. v. ARPE et al., supra*, pág.457.
[10] *Id.; Shell v. Srio. Hacienda, supra*, pág. 123; *Yumac Home v. Empresas Massó, supra*, pág. 103; *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).
[11] *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997).

tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[12] Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo.[13]

Así pues, los tribunales no tenemos discreción para asumir jurisdicción donde no la hay.[14] La falta de jurisdicción no puede ser subsanada, ni podemos arrogarnos la jurisdicción que no tenemos.[15] Incluso, aunque las partes no lo planteen, estamos obligados a velar por nuestra jurisdicción.[16] Por tanto, un recurso prematuro nos impide entrar en sus méritos puesto que, en tales circunstancias, carecemos de jurisdicción.[17]

De conformidad con lo anterior, la Regla 83 de nuestro Reglamento,[18] la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso, entre otras razones, por falta de jurisdicción.

-III-

En el presente caso, la Jueza Administrativa emitió una *Resolución* el 7 de noviembre de 2023, mediante la cual ordenó la revisión del balance de la deuda para que reflejara el balance correcto, a saber, $4.59. En esa misma fecha, ASUME presentó una moción de reconsideración y, la parte recurrente, presentó su respectiva oposición. Consecuentemente, la Jueza Administrativa atendió las respectivas mociones y señaló una vista administrativa para

---

[12] *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357 (2001).
[13] *Juliá et al. v. Epifanio Vidal, S.E., supra.*
[14] *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980).
[15] *Maldonado v. Junta de Planificación,* 171 DPR 46 (2007).
[16] *Lagares Pérez v. E.L.A.*, 144 DPR 601 (1997).
[17] *Juliá et al. v. Epifanio Vidal, S.E., supra.*

[18] 4 LPRA Ap. XXII-B.

el 27 de noviembre de 2023, la cual posteriormente fue reseñalada para el 12 de diciembre de 2023.

Así pues, el 8 de diciembre de 2023, el señor Castillo Hernández presentó ante esta Curia un auxilio de jurisdicción solicitando la paralización de la vista administrativa señalada para el 12 de diciembre de 2023, la cual fue ordenada con el propósito de presentar el testimonio de un testigo nuevo. Ello, luego de que el asunto fuese sometido por las partes y, más aún, posterior a que la Jueza Administrativa hubiese emitido su *Resolución*.

El 11 de diciembre de 2023, notificada en esa misma fecha, este Tribunal declaró *Ha Lugar* el auxilio de jurisdicción y dejó sin efecto la vista administrativa señalada para el 12 de diciembre de 2023. De igual forma, le concedió a la parte recurrida hasta el 14 de diciembre de 2023, para presentar su oposición. Habiendo transcurrido el término otorgado, resolvemos sin el beneficio de la comparecencia de la recurrida.

Luego de un estudio sosegado de los escritos que obran en autos y los señalamientos de error esbozados por la parte recurrente, es forzoso concluir que el presente recurso fue presentado **prematuramente**. Ello, debido a que a la fecha, no hay una determinación final de la agencia que sea revisable ante este foro. La Jueza Administrativa señaló una vista, luego de presentada la reconsideración, sin embargo, no se permitió madurar la determinación final del ente para los efectos de finalidad de la misma. Así las cosas, aquí no tenemos discreción para asumir jurisdicción donde no la hay.

Ahora bien, a pesar de que hoy desestimamos el presente recurso por prematuro, nos resulta preocupante el que se considere presentar prueba adicional, mediante el testimonio de un testigo nuevo, luego de que el caso hubiese sido

sometido por las partes y, mayor aún, luego de que una determinación hubiese sido emitida por la Jueza Administrativa en el caso de epígrafe.

## -IV-

Por los fundamentos antes expuestos, **desestimamos** el presente recurso por falta de jurisdicción por prematuro. De igual forma, devolvemos el caso al foro primario para la continuación de los procedimientos.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones