Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EDUARDO JOSÉ ARTAU FELICIANO, PATRICIA CRISTINA SERRANO COTTE por sí y en representación de los menores EJAS y PRISCILLA CRISTINA ARTAU SERRANO<br><br>Querellante Recurrida<br><br>v.<br><br>VIVA TRAVEL, LLC.<br><br>Querellada Recurrente | KLRA202400126 | Revisión Administrativa, procedente de la Compañía de Turismo de Puerto Rico, Departamento de Transportación Turística<br><br>Querella Núm.: QAV2022-017<br><br>Sobre: Querella Agencias de Viajes |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 19 de marzo de 2024.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319

Número Identificador

SEN2024 _____

(2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

De otra parte, la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley de Procedimientos Administrativos Uniforme, Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Cónsono con lo anterior, la LPAU establece que la parte adversamente afectada por una resolución final podrá, dentro del

término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución, presentar una moción de reconsideración. Sec. 3.15 de la Ley Núm. 38-2017, *supra*. Véase, también, Art. 73(a) del Reglamento Aplicable a los Agentes de Viajes y Mayoristas de Viajes y Excursiones y sus Procedimientos Aplicables, Reglamento Núm. 8759 de 25 de mayo de 2016. Si la agencia en cuestión acoge la solicitud dentro de los quince (15) días dispuesto por ley, este deberá emitir una resolución dentro de los noventa (90) días de haberse radicado la moción de reconsideración; no obstante, por justa causa y dentro del referido término, la agencia podrá prorrogar el término para resolver por un máximo de treinta (30) días. Sec. 3.15 de la Ley Núm. 38-2017, *supra*. Véase, también, Reglamento Aplicable a los Agentes de Viajes y Mayoristas de Viajes y Excursiones y sus Procedimientos Aplicables, *supra*, pág. 73; *Asoc. Condómines v. Meadows Dev., Corp. et al.*, 190 DPR 843 (2014).

Ahora bien, de no resolver la solicitud dentro del término de noventa (90) días o, en caso de haber prorrogado el término, dentro de ciento veinte (120) días, la agencia perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial comenzará a contarse a partir de la expiración del término correspondiente. Sec. 3.15 de la Ley Núm. 38-2017, *supra*. Véase, también, Reglamento Aplicable a los Agentes de Viajes y Mayoristas de Viajes y Excursiones y sus Procedimientos Aplicables, *supra*; *Fonte Elizondo v. F & R Construction, S.E. et al.*, 196 DPR 353 (2016). De no presentarse oportunamente la solicitud de revisión administrativa, el foro apelativo carecerá de jurisdicción para evaluar el caso en contienda. Véase *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp. et al.*, 182 DPR

86 (2011) (citando a *Rodríguez Díaz v. Pierre Zegarra*, 150 DPR 649 (2000); *Hernández Apellaniz v. Marxuach Const.*, 142 DPR 492 (1997)). Cualquier dictamen que emita la agencia fuera del término de noventa (90) o ciento veinte (120) días se considerará como una acción *ultra vires* y, por efecto, nulo. *Dra. Moreno Ferrer v. Jta. Reglamentadora del Cannabis Medicinal*, 209 DPR 430 (2022) (citando a *Pueblo v. Barahona Gaitán,* 201 DPR 567, 576-577 (2018); *Ayala Hernández v. Consejo Titulares*, 190 DPR 547, 560 (2014); *Perfect Cleaning v. Cardiovascular,* 162 DPR 745, 758-759 (2004); D. Fernández Quiñones, *La revisión judicial de las decisiones administrativas,* 69 Rev. Jur. UPR 1129, 1149 (2000)).

De conformidad con los hechos del presente caso, la recurrente acudió ante este Tribunal tardíamente. Según el expediente, la Compañía de Turismo emitió una *Resolución y Orden* el 15 de mayo de 2023, por la cual la recurrente presentó una *Moción de Reconsideración* el 5 de junio de 2023. Posteriormente, la Compañía de Turismo emitió su *Resolución en Reconsideración* el 27 de octubre de 2023, ciento cuarenta y cuatro (144) días después de haberse radicado la *Moción de Reconsideración*. Calculado los días—y considerando que en el expediente no se hace alguna referencia a una prórroga—la Compañía de Turismo tenía hasta el 5 de septiembre de 2023 para emitir su resolución. De tal forma, la recurrente tenía hasta el 5 de octubre de 2023 presentar su recurso de revisión administrativa. Por la recurrente haber acudido ante este Tribunal el 11 de marzo de 2024, resulta evidente que nos encontramos ante un recurso tardío, frente al cual carecemos de jurisdicción.

Por los fundamentos expuestos y discutidos, desestimamos el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones