Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ALVING RIVERA RENTA<br>Apelante<br><br>v.<br><br>BELLA AUTO GROUP LLC H/N/C FLAGSHIP MAZDA DE PONCE Y OTROS<br><br>Apelados | KLAN202400781 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil núm.: PO2022CV00406<br><br>Sobre: Daños y Otros |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de agosto de 2024.

Comparece ante este Tribunal de Apelaciones, el Sr. Alving Rivera Renta (el señor Rivera Renta o el apelante) mediante el escrito de *Apelación* de epígrafe solicitándonos que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (el TPI), el 18 de julio de 2024, archivada en autos ese mismo día. En dicho dictamen, el foro primario declaró Ha Lugar a la *Moción de Sentencia Sumaria* presentada por Bella Auto Group, LLC y; en consecuencia, desestimó la demanda enmendada.

Por los fundamentos que discutiremos, se desestima el recurso ante nuestra consideración por carecer de jurisdicción, al ser el mismo prematuro.

**I.**

El 30 de julio de 2014, el Sr. Alving Rivera Renta presentó una *Demanda* sobre incumplimiento de contrato y Daños y

Perjuicios. En esencia, alegó que Bella Auto Group, LLC incumplió el contrato de compraventa por el vehículo adolecer de un vicio oculto y que la tardanza en su reparación "hace evidente la gravedad del defecto".[1] Posteriormente se instó una *Demanda Enmendada* a los únicos fines de incluir como codemandada a FirstBank Puerto Rico.[2]

El 29 de abril de 2022, Bella Auto Group, LLC presentó una *Contestación a la demanda enmendada y reconvención* negando los hechos esenciales y levantó varias defensas afirmativas. Por su parte, en la reconvención alegó que el apelante ha utilizado, de forma ilegal, el auto que le fue prestado y adeuda $4,721.76 en concepto del alquiler diario. También adujo que se adeuda $720, a razón de $15 diarios, por el almacenamiento del vehículo propiedad del apelante. El señor Rivera Renta contestó la reconvención negando los hechos alegados y a su vez, levantó varias defensas afirmativas.

El 30 de junio de 2022, FirstBank Puerto Rico presentó su contestación a la demanda negando los hechos esenciales e igualmente levantó una serie de defensas afirmativas.

En lo aquí pertinente, el 10 de junio de 2024, Bella Auto Group, LLC solicitó se dictara sentencia sumariamente por entender que en el presente caso los hechos esenciales no están en controversia. A dicho petitorio, se unió FirstBank Puerto Rico. El 2 de julio siguiente, el apelante presentó su oposición exponiendo que no procede lo solicitado por entender que existen cuatro (4) hechos en controversia, los cuales detalló en el referido escrito.

Atendidas las mociones, el TPI dictó el dictamen apelado declarando *Ha Lugar* a la *Moción de Sentencia Sumaria* presentada por Bella Auto Group, LLC y desestimó la demanda enmendada.

---

[1] Véase, Apéndice del Recurso, a la pág. 3.
[2] Véase, expediente electrónico del caso PO2022CV00406 del Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 8.

Sin embargo, nada dispuso en cuanto a la reconvención ni apercibió a las partes correctamente, según lo dispuesto en la Regla 42.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3.

Inconforme, el apelante acude ante este foro intermedio imputándole al TPI la comisión de varios errores los cuales entendemos no son necesarios consignar.

Así, evaluado el escrito y, conforme a la decisión arribada, prescindimos de la comparecencia de la parte apelada, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 7(B)(5).

**II.**

La Regla 42.3 de las de Procedimiento Civil, *supra*, dispone que; "[c]uando un pleito comprenda más de una reclamación, ya sea mediante demanda, **reconvención**, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, **siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones** hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia.

Cuando se realice la referida conclusión y orden expresa, la **sentencia parcial dictada será final para todos los fines** en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2." [Énfasis nuestro].[3]

---

[3] Véase, además, *Torres Capeles v. Rivera Alejandro*, 143 DPR 300, 312 (1997).

Por tanto, si una sentencia parcial adolece de la referida determinación de finalidad que requiere la Regla 42.3 de las de Procedimiento Civil, *supra*, no advendrá final y la misma no constituirá más que una resolución interlocutoria, que podrá revisarse solo mediante recurso de *certiorari*, si así lo permite la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, o mediante recurso de apelación cuando recaiga sentencia final en el caso sobre el resto de las reclamaciones. *Torres Martínez v. Torres Ghigliotty* 175 DPR 83 (2011); *García v. Padró*, 165 DPR 324, 333-334 (2005).

De otra parte, es norma reiterada que los tribunales debemos ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003). Los asuntos jurisdiccionales son materia privilegiada, por lo que deben ser resueltos con preferencia. *Vega et al. v. Telefónica*, 156 DPR 584, 595 (2002). En los casos en que los tribunales carecen de jurisdicción o de autoridad para entender en los méritos de las controversias planteadas, deberán así declararlo y proceder a desestimar el recurso. *Íd.* La falta de jurisdicción no puede ser subsanada por ningún tribunal, ni pueden las partes conferírsela cuando no la tienen. *Juliá et al. v. Vidal, S. E.*, 153 DPR 357, 362 (2001).

Referente a lo anterior, un recurso se considera prematuro cuando el asunto planteado no está listo para adjudicarse. Es decir, que la controversia no está adecuadamente delimitada, definida y concreta. Es por ello que "[u]n recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto [de] falta de jurisdicción". *Hernández Apellaniz v. Marxuach Const.*, 142 DPR 492, 498 (1997).

**III.**

El apelante nos solicitó que revisemos la *Sentencia* mediante la que el TPI acogió la solicitud de sentencia sumaria presentada por Bella Auto Group, LLC, y desestimó la demanda enmendada del epígrafe. No obstante, y como señalamos, de la lectura del referido dictamen surge que el foro apelado no hizo determinación alguna en cuanto a la reconvención presentada por Bella Auto Group, LLC.

Así pues, examinada la determinación apelada, concluimos que esta no cumple con las exigencias de la Regla 42.3 de las Procedimiento Civil, esto es, que el foro primario no apercibió a las partes que "no existe razón para posponer dictar sentencia sobre una de las reclamaciones hasta la resolución final del pleito", ni dispuso categóricamente que desestimaba la reconvención incoada por la parte apelante. De modo que, el dictamen apelado carece de finalidad, por lo que nos encontramos impedidos de revisar dicha determinación mediante el recurso de apelación.

Consecuentemente, al haberse presentado el recurso que nos ocupa de forma prematura, este adolece del grave e insubsanable defecto de que nos priva de jurisdicción. Una vez el tribunal primario reciba el mandato en este caso y se le otorgue finalidad a la determinación en controversia, a tenor con las disposiciones de la Regla 42.3 de las Procedimiento Civil, *supra*, comenzarán a decursar los términos para presentar el recurso de apelación ante este tribunal.

**IV.**

Por los fundamentos antes discutidos, desestimamos el recurso de epígrafe por falta de jurisdicción, al ser el mismo prematuro. Se ordena a la Secretaría de este tribunal desglosar los documentos presentados y ponerlos a disposición de la parte apelante.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                        LCDA. LILIA M. OQUENDO SOLÍS
                        Secretaria del Tribunal de Apelaciones