ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JUNTA REVISORA DE SUBASTAS (ADMINISTRACIÓN DE SERVICIOS GENERALES)<br><br>Recurrido<br><br>v.<br><br>CH4 GREEN ENERGY, LLC<br><br>Recurrente | TA2025RA00176 | *Revisión Administrativa* procedente de la Junta Revisora de Subastas (Administración de Servicios Generales)<br><br>Caso Núm.: JR-24-151-RFP<br><br>Sobre: Recurso de Revisión Administrativa |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de septiembre de 2025.

El caso de epígrafe fue presentando **antes** de que la Secretaría de este Tribunal de Apelaciones hubiese emitido el mandato de la *Sentencia* dictada el 26 de junio de 2025, en el caso alfanumérico **KLRA202500159**. Por lo que su presentación prematura nos despoja de jurisdicción. Veamos los fundamentos.

**-I-**

Surge del expediente que el **28 de septiembre de 2022** el Negociado de Energía, en representación de la Autoridad de Energía Eléctrica de Puerto Rico ("AEE"), emitió la Solicitud de Propuestas No. NEPR-0001 ("REP-Tranche 27"), para adquirir al menos 1,000 MW de capacidad de recursos de energía renovable a gran escala ("Utility Scale" como se conoce en inglés); y, al menos 500 MW de capacidad de almacenamiento de energía con una duración efectiva de entre dos y seis horas (2,000 MWh). También, se permitieron propuestas de plantas de energía virtual ("Virtual Power Plants" o "VPPs", por sus siglas en inglés) para agregar recursos energéticos

u ofrecer respuesta a la demanda para reducir o limitar la demanda durante ciertos momentos del día. En esencia, el RFP-Tranche 2 buscaba garantizar el cumplimiento con el portafolio de energía renovable establecido en la Ley 82-2010,[1] según enmendada por la Ley 17-2019.[2]

Oportunamente, la compañía CH4 Green Energy, LLC ("CH4"), al igual que otras compañías, presentaron sus propuestas en torno al RFP-Tranche 2.

Tras varios trámites procesales,[3] el **23 de diciembre de 2024** el Comité de Selección emitió y notificó el Aviso de Adjudicación ("Notice of Award of Tranche 2 RFP") corregida a todas las compañías que presentaron sus propuestas. Allí, se les informó cuáles propuestas fueron seleccionadas y las razones de descalificación para aquellas que no fueron seleccionadas.[4]

El **30 de diciembre de 2024**, CH4 presentó una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales ("Junta Revisora-ASG").[5]

El **9 de enero de 2025**, la Junta Revisora-ASG emitió una Resolución mediante la cual acogió la Solicitud de Revisión.[6] No obstante, el **30 de enero de 2025** dicha Junta Revisora emitió una Resolución mediante la cual extendió el término para resolver la solicitud de revisión de CH4 por un periodo de quince (15) días.[7]

Finalmente, el **24 de febrero de 2025** la Junta Revisora-ASG emitió una Resolución en la que resolvió que carecía de jurisdicción

---

[1] Ley de Política Pública de Diversificación Energética por Medio de la Energía, Ley Núm. 82 de 19 de julio de 2010, según enmendada ("Ley 82-2010").
[2] Ley de Política Pública Energética de Puerto Rico, Ley Núm. 17 de 11 de abril de 2019 ("Ley 17-2019").
[3] Entre los que se destacan, la selección de la compañía Accion Group, LLC como coordinador independiente ("Coordinador Independiente"), y del Comité de Selección ("Comité de Selección"), que estaría asistido por el Coordinador Independiente, quien sería el encargado de evaluar y adjudicar las propuestas presentadas por los proponentes en representación de la AEE.
[4] Véase, Exhibit #12 del Recurso de Revisión presentado por CH4.
[5] Véase, Exhibit #13 del Recurso de Revisión presentado por CH4.
[6] Véase, Exhibit #14 del Recurso de Revisión presentado por CH4.
[7] Véase, Exhibit #19 del Recurso de Revisión presentado por CH4.

para evaluar la referida solicitud de revisión de CH4 y devolvió el caso al Negociado de Energía para los trámites que en derecho procedieran,[8] sin expresar cuáles eran los trámites.

El **17 de marzo de 2025**, CH4 presentó un recurso de revisión administrativa ante este Tribunal de Apelaciones en el caso alfanumérico **KLRA202500159**.[9] En síntesis, CH4 solicitó que se decretara que la Junta Revisora-ASG tenía jurisdicción para atender la solicitud de revisión.

Transcurridos varios tramites dirigidos al perfeccionamiento del recurso, el **26 de junio de 2025** y notificada el **30 de junio de 2025**, este Tribunal de Apelaciones revocó mediante Sentencia la resolución recurrida y devolvió el caso a la Junta Revisora-ASG para que lo atendiera en sus méritos. El mandato correspondiente a nuestra Sentencia fue remitida por la Secretaría el **5 de septiembre de 2025** a todas las partes.[10]

No obstante, el **8 de julio de 2025** CH4 presentó ante la Junta Revisora-ASG una *Moción en solicitud de Orden o Resolución*, para que dicha Junta —emitiera una Resolución u Orden— en la que se acusara recibo de nuestra Sentencia del 26 de junio de 2025 y se clarificara el término en que estaría resolviendo su solicitud de revisión presentada el 30 de diciembre de 2024 y acogida el 9 de enero de 2025.[11]

Al no recibir respuesta de la Junta Revisora-ASG, el **19 de agosto de 2025** CH4 compareció nuevamente ante este Tribunal mediante el presente recurso de revisión judicial —**TA2025RA00176**— para que, ante la falta de acción por parte de la Junta Revisora-ASG a su solicitud de revisión, procediéramos a revocar y anular el Aviso de Adjudicación, y consecuentemente,

---

[8] Véase Exhibit #20 del Recurso de Revisión presentado por CH4.
[9] Véase Exhibit #21 del Recurso de Revisión presentado por CH4.
[10] Véase Anejo #1, Entrada núm. 9 de SUMAC.
[11] Véase Exhibit #24 del Recurso de Revisión presentado por CH4.

ordenáramos al Comité de Selección a reabrir el proceso de negociación del RFP-Tranche 2.

El **2 de septiembre de 2025**, la Junta Revisora-ASG presentó ante nos una Comparecencia Especial para solicitar la desestimación del recurso de revisión judicial presentado por CH4 ante nos. En resumen, indicó que el referido recurso de revisión de CH4 resultaba prematuro, toda vez que a la fecha de la presentación no se había emitido el mandato de la Sentencia del 26 de junio del 2025 del caso alfanumérico **KLRA202500159**, por lo cual no se había adquirido jurisdicción sobre dicho recurso.

De igual modo, el **5 de septiembre de 2025** el Negociado de Energía presentó ante nos una *Solicitud de Desestimación* por entender que carecemos de jurisdicción para atender el recurso de revisión judicial presentado por CH4.

### -II-

El Tribunal Supremo de Puerto Rico ha sido claro en exponer el rol que juega la figura del mandato en el proceso apelativo:

> *El mandato es una figura enmarcada dentro de los procesos apelativos judiciales. Este se ha definido como el **medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar en conformidad con la misma**.[12]*

Además, el Tribunal Supremo de Puerto Rico ha destacado la relevancia especial del efecto jurisdiccional que tiene el mandato:

> ***El concepto mandato cobra especial relevancia en lo concerniente a los efectos de índole jurisdiccional que pueda tener su remisión al foro de origen [...][13]***

Todavía más, el Tribunal Supremo de Puerto Rico ha indicado expresamente los efectos que tiene la remisión del mandato y a esos fines ha señalado que:

> *[...] luego de paralizados los procedimientos en el foro de origen, **éste pierde su facultad para atender las controversias planteadas en alzada y no vuelve a adquirir jurisdicción sobre ellas hasta tanto el tribunal revisor le remite el mandato correspondiente. Lo***

---

[12] *Colón y otros v. Frito Lays*, 186 DPR 135, 153 (2012). Énfasis nuestro.
[13] *Id.* Énfasis nuestro.

> ***anterior tiene el efecto ineludible de anular toda actuación que lleve a cabo el foro revisado, luego de que los asuntos se hayan paralizado y previo a recibir el mandato.***[14]

A tono con lo antes dicho, constituye norma ampliamente conocida que el ejercicio de la función revisora de los tribunales está gobernado por doctrinas de autolimitación que se originan a su vez en consideraciones tanto constitucionales como de prudencia. De igual forma, *los tribunales existen para adjudicar controversias reales, es decir, el deber de los tribunales es atender asuntos que sean justiciables. La doctrina de justiciabilidad persigue evitar emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia.* [15]

En ese contexto, *un asunto no es justiciable cuando*: se trata de resolver una cuestión política, una de las partes carece de legitimación activa para promover un pleito, después de comenzado el litigio hechos posteriores lo tornan en académico, las partes pretenden obtener una opinión consultiva y *cuando se pretende promover un pleito que no está maduro.*[16]

En nuestra función revisora, un recurso judicial es **prematuro** cuando el asunto del cual se trata *no está listo para adjudicación*; esto es, cuando la controversia no está debidamente *delineada, definida y concreta.* Ello tiene como resultado la falta de jurisdicción del tribunal al que se recurre.[17] Intrínsecamente la presentación de los recursos prematuros *carece de eficacia y no producen ningún efecto jurídico*, pues al momento de su presentación *no existe autoridad judicial para acogerlo.*[18]

---

[14] *Id.*, pág. 154. Énfasis nuestro.
[15] *Moreno Orama v. UPR*, 178 DPR 969, 973 (2010).
[16] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003). Énfasis nuestro.
[17] *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001); *Pérez v. C.R. Jiménez, Inc.*, 148 DPR 153 (1999); *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997).
[18] *Pueblo v. Santana Rodríguez,* 148 DPR 400 (1999).

Por último, el Tribunal Supremo de Puerto Rico ha sido enfático en que *los tribunales deben proteger su propia jurisdicción.* Es norma reconocida que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada.[19] A esos fines, ha expresado reiteradamente que *los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados, incluso, a considerar dicho asunto motu proprio.*[20] Es decir, debido a la importancia de las cuestiones jurisdiccionales, los tribunales venimos obligados a considerar dichos asuntos prioritariamente incluso en ausencia de planteamiento a tales efectos.[21]

Cónsono con dicho principio de derecho, el Reglamento del Tribunal de Apelaciones autoriza a los jueces de este foro apelativo a desestimar aquellos recursos sobre los cuales esta curia no tiene jurisdicción.[22]

**-III-**

A la luz de la jurisprudencia sobre el mandato, analicemos los hechos procesales que tenemos ante nuestra consideración.

En primer orden, el **26 de junio de 2025** y notificado el **30 de junio de 2025** el Panel Especial emitió en el caso alfanumérico **KLRA202500159** una Sentencia dictaminando que la Junta Revisora-ASG tenía jurisdicción para atender la solicitud de revisión instada por CH4.

En segundo orden, el mandato correspondiente a nuestra Sentencia en el caso alfanumérico **KLRA202500159** fue remitido a todas las partes el **5 de septiembre de 2025** por la Secretaría del Tribunal de Apelaciones.

---

[19] *AAA v. Unión Abo. AAA*, 158 DPR 273, 279 (2002).
[20] *Id.*
[21] *Id.*
[22] Regla 83 (B)(2) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 84 (B)(2) y (C).

En tercer orden, el **8 de julio de 2025** CH4 presentó ante la Junta Revisora-ASG la mencionada *Moción en solicitud de Orden o Resolución,* y al no recibir respuesta de la Junta Revisora-ASG, el **19 de agosto de 2025** CH4 compareció nuevamente ante este Tribunal de Apelaciones en el presente recurso de revisión judicial **TA2025RA00176**. Esto aconteció **sin que la Secretaría emitiera el mandato**.

A tenor con el tracto procesal reseñado, resulta evidente que, a la fecha en que CH4 presentó la *Moción en solicitud de Orden o Resolución* ante la Junta Revisora-ASG, la Secretaría del Tribunal de Apelaciones no había remitido el mandato del caso alfanumérico **KLRA202500159**, por lo cual, la Junta Revisora-ASG no podía adquirir jurisdicción hasta tanto el Tribunal de Apelaciones le remitiera el mandato correspondiente; ya que, si hubiera actuado sobre esa moción, su actuación hubiese sido nula.

Todavía más, el presente recurso judicial **TA2025RA00176** se presentó ante este Tribunal **antes** del referido mandato, por lo que nos vemos impedidos de considerarlo por falta de jurisdicción, ante su presentación prematura.

### -IV-

Por los fundamentos antes expuestos, se desestima el recurso revisión judicial de epígrafe.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones