Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>LUIS JOSÉ IRIZARRY ZAPATA<br><br>Peticionario | KLCE202400032 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Sobre: Art. 6.08, 6.22 LA, Art. 5.07 Ley 22<br><br>Caso Núm.: ISCR202200442-44 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 8 de marzo de 2024.

El **9 de enero de 2024**, el *Sr. Luis José Irizarry Zapata* (en adelante, "Irizarry Zapata o peticionario") comparece ante nos para que revisemos la determinación emitida el 18 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, "TPI"). En corte abierta, el TPI indicó que en la vista de supresión de evidencia el peso de la prueba le correspondería al peticionario.

El **8 de marzo de 2024**, el peticionario presentó una *Moción en Auxilio de Jurisdicción* solicitando la paralización de los procesos en el TPI, hasta tanto se atendiera el auto de *certiorari* sometido.

Evaluados los recursos ante nuestra consideración, procedemos a ***desestimarlos*** por prematuros. **Veamos.**

### -I-

El **13 de enero de 2022**, el señor Irizarry Zapata conducía a eso de las doce del mediodía, su vehículo Toyota Corolla del 2009 en compañía de su hijo de trece (13) años, por la Carretera Núm. 2 en

Mayagüez. A esa hora, el *Agente Herminio Sánchez Ramos* (en adelante, "Agte. Sánchez Ramos") procedió a detenerlo, junto a otro vehículo. Después de intervenir con el conductor del otro vehículo, el Agte. Sánchez Ramos intervino con el peticionario y posteriormente lo arrestó por infracción al Art. 5.07 de la Ley Núm. 22–2000.[1]

**Durante la detención,** el Agte. Sánchez Ramos obtuvo unas admisiones incriminatorias del peticionario, lo que provocó, que **al siguiente día**, solicitara una *Orden de Registro y/o Allanamiento* contra el vehículo que conducía el peticionario.[2] Dicha orden fue expedida el **14 de enero de 2022**,[3] y se diligenció **el mismo día**.[4] Durante el diligenciamiento, se ocupó un bulto color azul con un arma y dinero en efectivo.[5]

Por lo cual, el *Ministerio Público* (en adelante, "MP") presentó tres (3) denuncias contra el señor Irizarry Zapata por violar los Arts. 6.08 y 6.22 de la Ley Núm. 168–2020,[6] e infringir el Art. 5.07 de la Ley Núm. 22–2000, *supra.* Evaluadas las mismas, el TPI encontró causa en los tres (3) delitos imputados.[7] Consecuentemente, el MP presentó dos (2) acusaciones contra el peticionario por infringir los delitos graves antes esbozados.[8]

Así pues, el **8 de septiembre de 2023**, el peticionario presentó una *Moción de Supresión de Evidencia.*[9] En oposición, el **28 de septiembre de 2023**, el MP argumentó su posición.[10]

En la vista celebrada el **18 de diciembre de 2023**, entre otras

---

[1] Art. 5.07 de la Ley Núm. 22–2000 conocida como la *Ley de Vehículos y Tránsito de Puerto Rico*, 9 LPRA sec. 5127.
[2] Apéndice de la *Petición de Certiorari*, a las págs. 31 – 34.
[3] Apéndice de la *Petición de Certiorari*, a las págs. 33 – 34.
[4] Apéndice de la *Petición de Certiorari*, a las págs. 35 – 36.
[5] *Id.*
[6] Arts. 6.08 y 6.22 de la Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, conocida como la *Ley de Armas de Puerto Rico de 2020*, 25 LPRA secs. 466g, 466u.
[7] Apéndice de la *Petición de Certiorari*, a las págs. 1 – 6.
[8] Apéndice de la *Petición de Certiorari*, a las págs. 7 – 8.
[9] Apéndice de la *Petición de Certiorari*, a las págs. 11 – 30.
[10] Apéndice de la *Petición de Certiorari*, a las págs. 37 – 45.

cosas, el TPI indicó; *"que en el momento de que hayamos de reconvenir para atender la vista de supresión de evidencia, el peso de la prueba corresponde a la defensa en virtud de lo planteado"*.[11]

De esta orden en corte abierta, sin la debida notificación como resolución, el señor Irizarry Zapata acudió ante nos el **9 de enero de 2024** mediante la presente petición de *certiorari*, señalando que; *"[e]l TPI cometió error al resolver que en la moción de supresión de evidencia que presentó el peticionario, donde éste fue arrestado sin orden judicial, pero mientras estaba arrestado, la Policía consiguió un orden de registro, mediante la cual se registró el vehículo en que éste viajaba al momento de su arresto, el peso de la prueba le correspondía a éste y no al Pueblo"*.

Además, el **8 de marzo de 2024**, el peticionario presentó una *Moción en Auxilio de Jurisdicción*, solicitando la paralización de los procesos en el TPI hasta tanto se atienda el auto de *certiorari* presentado.

## -II-

Nuestro Tribunal Supremo se ha expresado sobre la importancia de notificar correctamente una resolución u orden interlocutoria. Ello es de suma importancia para que se activen y comiencen a transcurrir los términos jurisdiccionales o de cumplimiento estricto, de forma tal, que este foro apelativo pueda revisarlas.[12]

Es evidente que una notificación correcta debe incluir el que las órdenes o resoluciones interlocutorias se encuentren debidamente firmadas por el juez o jueza que ha tomado la determinación, bien sea mediante resolución escrita **o de una notificación de una _minuta_** que prepara el personal de la

---

[11] Apéndice de la *Petición de Certiorari*, a la pág. 47.
[12] *Sánchez et al. v. Hosp. Dr. Pila et al.*, 158 D.P.R 255, 260 (2002). Énfasis nuestro.

secretaría y es avalada por la firma del juez o jueza que la emitió verbalmente en corte abierta.[13]  Además, si se recurre de una decisión que consta en una *minuta*, se debe notificar adecuadamente a todas las partes para que comience a transcurrir el término para acudir ante nos.[14]  Reiteramos, que la corrección de dichas resoluciones u órdenes tienen el efecto de determinar si un tribunal apelativo tiene jurisdicción sobre un recurso.

En consecuencia, un recurso judicial es **prematuro** cuando el asunto del cual se trata no está listo para adjudicación, esto es, cuando la controversia no está debidamente delineada, definida y concreta.  Ello tiene como resultado que se priva de jurisdicción del tribunal al que se recurre.[15]  La presentación de un recurso *prematuro* carece de eficacia y no produce ningún efecto jurídico, pues al momento de su presentación no existe autoridad judicial para acogerlo.[16]

En ese sentido, la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones permite que este foro desestime a iniciativa propia aquellos casos en los que no tiene jurisdicción.[17] No podemos olvidar que los tribunales estamos obligados a ser celosos guardianes de nuestra propia jurisdicción.  El deber de un tribunal de proteger su propia jurisdicción es tan importante que la jurisprudencia ha sido clara en señalar que cualquier foro puede

---

[13] *Sánchez et al. v. Hosp. Dr. Pila et al. , supra*, pág. 262.  Véase además, *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642 (1987)y la Regla 32(b)(1*), Reglas para la administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico (1999*), 32 LPRA Ap. II-B, R. 32(b)(1).

[14] Véase el caso de *Pueblo v. Rodríguez Ruíz,* 157 D.P.R. 288 (2002).  Aunque este caso es de índole criminal, es aplicable al nuestro en cuanto al tema del inicio y transcurso del término para acudir ante nos, cuando la decisión que se pretende revisar está en una minuta.

[15] *Juliá et al. v. Epifanio Vidal, S.E.,* 153 D.P.R. 357, 366-367 (2001).  *Pérez v. C.R. Jiménez, Inc.*, 148 D.P.R.153 (1999); *Hernández v. Marxuach Const. Co.*, 142 D.P.R. 492 (1997).

[16] *Pueblo v. Santana Rodríguez,* 148 D.P.R. 400 (1999).

[17] 4 L.P.R.A. Ap. XXII-B.

discutirlo por iniciativa propia y disponer de un caso por dicho fundamento incluso si las partes no realizan el planteamiento.[18]

**-III-**

En el presente caso, la determinación cuya revisión nos solicita el señor Irizarry Zapata quedó estampada en la *Minuta* transcrita el **19 de diciembre de 2023** por la vista celebrada el **18 de diciembre de 2023**.[19] Sin embargo, no constan que el TPI haya notificado dicha *Minuta* como una resolución, ni existe firma del juez o documento en el expediente apelativo que acredite dicha resolución. Por lo tanto, no ha comenzado a decursar el término para acudir ante este Tribunal de Apelaciones.

Al ser la notificación un requisito indispensable que conduce hacia un debido proceso de ley adecuado, y por estar entrelazada ésta al ejercicio válido de nuestra jurisdicción, la falta de notificación en este caso nos impide resolver el error planteado.

**-IV-**

Por los fundamentos antes expuestos, **desestimamos por falta de jurisdicción** la *Moción de Auxilio de Jurisdicción* y el auto de *certiorari* por ser presentados prematuramente.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[18] *Vázquez v. A.R.P.E.*, 128 D.P.R. 513, 537 (1991); *Martínez v. Junta de Planificación*, 109 D.P.R. 839, 842 (1980); *Maldonado v. Pichardo*, 104 D.P.R. 778, 782 (1976).
[19] Por error involuntario consta en la *Minuta* que fue transcrita el 19 de noviembre de 2023, cuando lo correcto sería el 19 de diciembre de 2023.