Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| LA COOPERATIVA DE AHORRO Y CRÉDITO DE AGUADILLA<br><br>Recurrido<br><br>v.<br><br>NATALIA COLÓN RAMÍREZ, EDWIN VÁZQUEZ PADÍN Y OTROS<br><br>Recurrido<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE VIVIENDA<br><br>Peticionario | KLCE202400693 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso número: AG2023CV00569<br><br>Sobre: Daños |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece la parte peticionaria, el Estado Libre Asociado de Puerto Rico en representación de su Agencia Ejecutiva el Departamento de Vivienda de Puerto Rico mediante el recurso de epígrafe, y nos solicita la revocación de dos (2) órdenes emitidas por el Tribunal de Primera Instancia, Sala Superior de Aguadilla el 23 de mayo de 2024. En la primera Orden, el TPI declaró No Ha Lugar la *Moción para que se Dicte Orden* presentada el 22 de mayo de 2024 por la parte peticionaria. En la referida moción, se solicitó la modificación de la Orden del 13 de marzo de 2024, para dejar sin efecto la aceptación de unas admisiones tácitas contenidas en un requerimiento de admisiones cursado por la Cooperativa de Ahorro y Crédito de Aguadilla al codemandado Edwin Vázquez Padín. Por otro lado, en la segunda Orden emitida en corte abierta, el TPI le

Número Identificador

RES2024 _____

impuso sanciones económicas a los abogados de récord. Sobre esta última, el Departamento de Vivienda de Puerto Rico presentó una *Moción de reconsideración sobre sanciones económicas,* pero la misma fue declarada No Ha Lugar por el foro primario.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

**I**

Luego de varios trámites procesales en un pleito sobre desahucio, reivindicación, sentencia declaratoria, acción pauliana y daños, incoado el 18 de abril de 2023[1], el Tribunal de Primera Instancia emitió dos (2) órdenes el 23 de mayo de 2024. La primera Orden fue hecha en corte abierta en una conferencia con antelación a juicio y fue transcrita ese mismo día a través de una Minuta.[2] Mediante dicha orden, el foro primario le impuso cien dólares ($100.000) de sanción económica a cada uno de los abogados por su falta de diligencia en presentar el informe de conferencia con antelación al juicio de manera integrada conforme a la Regla 37 de Procedimiento Civil. 32 LPRA Ap. V, R. 37.

En desacuerdo, el 31 de mayo de 2024, el Departamento de Vivienda de Puerto Rico (parte peticionaria o Departamento de Vivienda) presentó una *Moción de Reconsideración Sobre Sanciones Económicas.[3]* Evaluado el petitorio, el 3 de junio de 2024, el foro primario lo declaró No Ha Lugar.[4]

Por otro lado, en la segunda Orden, emitida y notificada en la misma fecha de forma escrita, declaró No Ha Lugar la *Moción para que se Dicte Orden* presentada por el Departamento de Vivienda.[5] En la misma, el TPI expuso que la parte peticionaria conocía desde el

---

[1] Véase, Entrada Núm. 1 del Caso Núm. AG2023CV00569 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Anejo 3 del recurso, págs. 10-12.
[3] Anejo 4 del recurso, págs. 13-48
[4] Anejo 5 del recurso, págs. 49-50.
[5] Anejo 1 del recurso, págs. 1-2.

13 de marzo de 2024 la orden del tribunal de dar por admitido el Requerimiento de Admisiones, y no fue diligente en solicitar la eliminación de las admisiones tácitas hechas por la parte recurrida, particularmente el señor Edwin Vázquez Padín, en el requerimiento de admisiones cursado por la Cooperativa de Ahorro y Crédito de Aguadilla durante el proceso de descubrimiento de prueba.

Inconforme, el 24 de junio de 2024, la parte peticionaria acudió ante nos mediante el presente recurso y señaló los siguientes errores:

> Erró el TPI al no acoger la solicitud de la parte [p]eticionaria-[i]nterventora de dejar sin efecto las admisiones tácitas de la parte [c]odemandada, que fueran aceptadas mediante *Orden* de 13 de marzo de 2024, ya que el mantener dichas admisiones crea inconsistencias irreconciliables con la prueba descubierta y pertinente a la teoría del caso de la parte [p]eticionaria-[i]nterventora.

> Erró el TPI al imponer sanciones económicas a la representación legal de la parte [p]eticionaria durante la vista celebrada el 23 de mayo de 2024, toda vez que la dejadez evidente en el manejo del caso ha sido desplegada únicamente por la representación legal de la parte [c]odemandada.

Hemos examinado con detenimiento el presente recurso y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5). Resolvemos.

## II

### A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar

una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

La Regla 47 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 47, dispone lo concerniente a la presentación de la moción de *reconsideración* y sus efectos procesales. En ella, se dispone que **la**

**parte adversamente afectada por una resolución u orden del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la resolución u orden, presentar una moción de reconsideración**. En términos generales, lo que se procura es que el tribunal considere nuevamente su decisión, antes de recurrir al Tribunal de Apelaciones. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014).

El Tribunal Supremo de Puerto Rico ha establecido que, **una vez presentada la moción de reconsideración** y/o de determinaciones iniciales o adicionales **de manera oportuna, quedarán interrumpidos los términos para recurrir en alzada para todas las partes**. En lo pertinente, el tratadista José A. Cuevas Segarra (Cuevas Segarra), adelantó que la controversia actualmente de cuándo se entendía como oportuna una moción se iba a trasladar a la consideración sobre si la moción cumple o no con los requisitos de especificidad de la citada Regla. A lo que añadió que, salvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamenta su planteamiento, será suficiente para cumplir con la precitada Regla. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Publicaciones JTS, Tomo II, pág. 1366. Por otra parte, añadió que la moción no tendrá efecto interruptor, ya sea titulada reconsideración o de enmiendas a las determinaciones de hechos y conclusiones de derechos adicionales cuando —excepto por el título— nada en la moción aluda a la reconsideración, a las determinaciones o conclusiones adicionales solicitadas, ni se alegue su pertinencia para un recurso apelativo. *Íd.* Tales requisitos tienen como propósito disuadir la presentación de escuetas mociones dirigidas únicamente a dilatar la finalidad de la sentencia. *Íd.* Es por ello que las mociones

de reconsideración deben de examinarse caso a caso, a la luz de las particulares controversias de hechos pertinentes y materiales que presenten, de manera flexible. *Íd.* A tenor con lo anterior, el tratadista Cuevas Segarra razonó que no existen razones de orden público para imponerle un rigor desmedido a los requisitos de forma de esta que puedan afectar el derecho de apelación. *Íd.*

Una vez presentada de manera oportuna la moción sobre reconsideración, el término para recurrir en alzada comenzará a decursar nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción. 32 LPRA Ap. V, R. 43.2; *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 1000 (2015); Es decir, contrario a lo que ocurría bajo las Reglas de Procedimiento Civil de 1979, en la que el término para recurrir en alzada se entendía interrumpido únicamente si el tribunal consideraba la moción, ahora la mera presentación oportuna paraliza automáticamente el término concedido en ley para acudir ante un tribunal de mayor jerarquía y comenzará a transcurrir una vez el foro primario resuelva definitivamente la solicitud de reconsideración y/o determinaciones iniciales o adicionales. *Morales y otros v. The Sheraton Corp.*, supra.

## C

El Tribunal Supremo de Puerto Rico ha reiterado la importancia de notificar correctamente a las partes del pleito una resolución u orden interlocutoria. *Sánchez et als. v. Hosp. Dr. Pila et als.*, 158 DPR 255, 260 (2002). Ello es de suma importancia para que se activen y comiencen a transcurrir los términos jurisdiccionales o de cumplimiento estricto, de forma tal, que los foros apelativos puedan revisarlas. *Íd.*

Una notificación correcta debe incluir el que las órdenes o resoluciones interlocutorias se encuentren debidamente firmadas por el juez o la jueza que ha tomado la determinación, bien sea

mediante resolución escrita o de una notificación de una minuta que prepara el personal de la secretaría y es avalada por la firma del juez o la jueza que la emitió verbalmente en corte abierta. *Sánchez et als. v. Hosp. Dr. Pila et als.*, supra, pág. 262; *Cárdenas Maxán v. Rodríguez*, 119 DPR 642 (1987). Sobre ese particular, la Regla 32(b)(1) de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico (1999), 4 LPRA Ap. II-B, R. 32(b)(1), dispone lo siguiente:

> La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios a Sala.
>
> La minuta original se unirá al expediente judicial. En aquellos casos consolidados, la minuta original será unida al expediente de mayor antigüedad. Se incluirá copia de la minuta en los expedientes consolidados restantes.
>
> [...]
>
> **La minuta no será notificada a las partes o a sus abogados [o abogadas], salvo que incluya una resolución u orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes**. (Énfasis nuestro).
>
> [...]

De la precitada regla surge que, si se recurre de una decisión que consta en una minuta, se debe notificar adecuadamente a todas las partes para que comience a transcurrir el término para acudir ante los foros apelativos. *Pueblo v. Rodríguez Ruiz*, 157 DPR 288 (2002). La corrección de dichas resoluciones u órdenes tienen el efecto de determinar si un tribunal apelativo tiene jurisdicción sobre un recurso.

En consecuencia, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366-367 (2001); *Hernández v.*

*Marxuach Const. Co.*, 142 DPR 492 (1997). Esto es, cuando la controversia no está debidamente delineada, definida y concreta. *Íd.* Ello tiene como resultado que se priva la jurisdicción del tribunal al que se recurre. *Íd.* La presentación de un recurso prematuro carece de eficacia y no produce ningún efecto jurídico, pues al momento de su presentación no existe autoridad judicial para acogerlo. *Pueblo v. Santana Rodríguez*, 148 DPR 400 (1999). En ese sentido, la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C), permite que este Foro revisor intermedio desestime a iniciativa propia aquellos casos en los que no tiene jurisdicción.

A la luz de la normativa antes expuesta, procedemos a disponer de la controversia ante nuestra consideración.

### III

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Así, este Tribunal debe expresarse, en primer lugar, sobre el escollo jurisdiccional que tiene ante su consideración.

En el caso de autos, la parte peticionaria solicita que revoquemos una Orden emitida y notificada el 13 de marzo de 2024. A partir de esta fecha, la parte peticionaria disponía de quince (15) días para solicitar la reconsideración de esta. En el caso de autos, no se presentó la correspondiente reconsideración en el término dispuesto por ley. Sin embargo, casi dos meses y medio después, la parte peticionaria intentó solicitar la reconsideración del referido dictamen a través de su escrito titulado *Moción para que se Dicte* Orden presentado el 22 de mayo de 2024. Ciertamente, el título no hace la cosa. El remedio solicitado en la moción expone claramente

la intención de la parte peticionaria de reconsiderar la determinación del foro primario que dio por admitido el requerimiento de admisiones que le fue cursado a Edwin Vázquez Padín.

Por tanto, de conformidad con el cómputo aplicable, en el escenario aquí contemplado, la parte peticionaria disponía hasta en o antes del 28 de marzo de 2024 para presentar su correspondiente reconsideración de la referida Orden. Sin embargo, dicha gestión se produjo el 22 de mayo de 2024, ello vencido el término aplicable. Siendo así, colegimos con el dictamen del foro de instancia, y concurrimos con su determinación de que la parte peticionaria no fue diligente en solicitar la eliminación de las admisiones tácitas del requerimiento de admisiones. Al así actuar, la parte peticionaria privó de jurisdicción a este Tribunal al solicitar su recurso de forma tardía.

Por otro lado, la parte peticionaria también solicita que revoquemos la Orden emitida en corte abierta el 23 de mayo de 2024, notificada mediante *Minuta* el 29 del mismo mes y año. Según esbozamos, para que una minuta pueda convertirse en un dictamen revisable, debe ser firmada por el juez o la jueza y notificada a las partes. Así, pues, una vez se notifique oportunamente a las partes la minuta en cuestión con la firma del juzgador, comenzarán a decursar los términos correspondientes para solicitar reconsideración o acudir en alzada ante este Foro apelativo. Hasta tanto ello no ocurra, el dictamen no está sujeto a revisión ante el Tribunal de Apelaciones, pues carecemos de jurisdicción.

En el presente caso, la segunda determinación cuya revisión nos solicita la parte peticionaria quedó estampada en la *Minuta* notificada el 29 de mayo de 2024. Sin embargo, del expediente ante nos no surge que el Tribunal de Primera Instancia haya notificado dicha *Minuta* como una resolución, ni está firmada por el juez que

emitió dicha orden en corte abierta. Por lo tanto, no ha comenzado a decursar el término para acudir ante esta Curia.

En vista de lo anterior, no ostentamos jurisdicción para atender el caso en los méritos y resolver los errores planteados.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones