ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ALVIN HERMINA VENES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurridos | KLRA202400264 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>CPSH 46-23<br>CPSH 59-24<br><br>Sobre: Daños y Perjuicios, Castigo Cruel e Inusitado, Violación de Derechos Civiles |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de julio de 2024.

Comparece ante *nos*, Alvin Hermina Venes (Hermina Venes o recurrente), quien se encuentra confinado en la Institución Sabana Hoyos 728 y recurre por derecho propio en forma *pauperis*. En su recurso, Hermina Venes nos solicita que revisemos la *Respuesta al Miembro de la Población Correccional* que emitió la División de Remedios Administrativos (DRA) del Departamento de Corrección y Rehabilitación (DCR o recurrida) el 10 de mayo de 2024.[1]

Por los fundamentos que expondremos a continuación, se *desestima* el recurso de revisión administrativa por falta de jurisdicción.

**I.**

Con fecha del 11 de diciembre de 2023, Hermina Venes presentó una primera *Solicitud de Remedio Administrativo* ante la

---

[1] La *Respuesta al Miembro de la Población Correccional* fue notificada a Hermina Venes el 14 de mayo de 2024.

Número Identificador

SEN2024_____

DRA.[2] En apretada síntesis, solicitó que se le proveyera una almohada. Adujo que el 7 de diciembre de 2023, los oficiales correccionales se llevaron su almohada al realizar un registro en el módulo 2A. Agregó que padece de condiciones de salud que le requieren dormir con una almohada. El 16 de enero de 2024, la DRA emitió una *Respuesta al Miembro de la Población Correccional* a la cual se anejó la primera *Continuación de Notificación* emitida por la DRA a través del Evaluador. En la misma, explicó que se había realizado una orden de almohadas y que tan pronto llegaran se le entregaría con prioridad.

Más adelante, el 23 de abril de 2024, Hermina Venes presentó una segunda *Solicitud de Remedio Administrativo*.[3] En esta, reiteró su solicitud para que se le proveyera una almohada bajo los mismos fundamentos. Así las cosas, el 10 de mayo de 2024, notificado el 14 de mayo de 2024, la DRA emitió una *Respuesta al Miembro de la Población Correccional* a la cual se anejó la segunda *Continuación de Notificación* emitida por la DRA a través del Evaluador. En la misma, se le informó al recurrente que "después de analizar el reclamo del M.P.C. y en comunicación con los superintendentes de la Institución este artículo no puede pasar por visita y hay que esperar que llegue el pedido que se reali[z]ó".

Inconforme, el 21 de mayo de 2024, Hermina Venes compareció ante *nos* mediante un recurso de revisión judicial. Dicho recurso fue recibido en la Secretaría de este Tribunal el 24 de mayo de 2024. En igual fecha, Hermina Venes presentó una *Solicitud y Declaración Para Que Se Eximan de Pago de Arancel por Razón de Indigencia.*

Examinado el recurso de revisión judicial este Tribunal emitió una *Resolución* el 13 de junio de 2024, concediéndole un término de

---

[2] Solicitud número CPSH46-23.
[3] Solicitud número CPSH59-24.

veinte (20) días a la parte recurrida para que expresara su posición al recurso. El 8 de julio de 2024, la parte recurrida presentó una *Moción Informativa y Solicitud de Término*. Consecuentemente, el 15 de julio de 2024, la parte recurrida presentó un *Escrito en Cumplimiento de Orden*.[4] Con el beneficio de contar con las comparecencias de las partes, procedemos a resolver.

**II.**

**A. Jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24, 213 DPR ___ (2024). Véase, además, *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions, LLC. v. Mun. de Yabucoa*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions, LLC. v. Mun. de Yabucoa, supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier

---

[4] En su comparecencia el Procurador General solicitó que el caso fuera devuelto para ser referido al área médica.

etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898, 909 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003); *Autoridad Sobre Hogares v. Sagastivelza,* 71 DPR 436, 439 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage, Inc. v. Fossas Blanco y otros, supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513, 537 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854, 859-860 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp.*, 182 DPR 86, 97 (2011).

Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra,* pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

De conformidad con lo anterior, se entiende que un *recurso prematuro* es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997). Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357 (2001). Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo. *Juliá et al. v. Epifanio Vidal, S.E., supra.*

Con relación a la controversia que nos atañe, el *Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional,* Reglamento Núm. 8583 de 4 de mayo de 2015 (Reglamento Núm. 8583), establece que ante una solicitud de remedio el Evaluador emite un escrito en el cual se contesta la solicitud del remedio administrativo radicada por el miembro de la población correccional. Regla IV (20) del Reglamento Núm. 8583, *supra.* Así, de dicha respuesta el miembro de la población correccional puede solicitar revisión a un Coordinador, quien deberá emitir una Resolución que contenga "un breve resumen de los hechos que motivaron la solicitud, el derecho aplicable y la disposición o solución a la controversia planteada". Regla IV (21) y (23) y Regla XIV (1) del Reglamento Núm. 8583, *supra.*

Así pues, nuestra jurisdicción para atender un recurso de revisión judicial se limita, como regla general, a la revisión de una "orden o resolución final de una agencia" luego de que se hayan "agotado todos los remedios provistos por la agencia". Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de

Puerto Rico (3 LPRA sec. 9672) (LPAU).[5] Por consiguiente, la disposición final de la decisión de la agencia es un requisito básico y jurisdiccional para que este Tribunal pueda ejercer su función revisora. Para que una orden o resolución se considere final, la misma debe ser emitida por la última autoridad decisoria de la agencia administrativa y debe poner fin a la controversia ante el organismo, sin dejar asunto pendiente alguno. *A.E.E. v. Rivera*, 167 DPR 201 (2006). Véase, además, *Tosado v. A.E.E.*, 165 DPR 377 (2005); *Bird. Const. Corp. v. A.E.E.*, 152 DPR 928 (2000).

**III.**

Según el derecho que antecede, la *Respuesta al Remedio* emitida por el Evaluador no es una decisión final que pueda ser objeto de revisión ante este Tribunal. Véase, Regla IV (20) del Reglamento Núm. 8583, *supra*. Así, no se desprende del Reglamento Núm. 8583, *supra*, que la *Respuesta al Remedio* contenga determinaciones de hecho ni conclusiones de derecho. Asimismo, el mencionado Reglamento contempla que el miembro de la población correccional presente una *Solicitud de Reconsideración* para revisar la respuesta emitida por el Evaluador ante un Coordinador, quien sí tiene que emitir una decisión con determinaciones de hecho y conclusiones de derecho. Véase, Regla IV (21) y (23) del Reglamento Núm. 8583, *supra*.

A esos efectos, luego de obtener la decisión del Coordinador el confinado habrá agotado los remedios administrativos a su disposición y habrá obtenido una decisión final de la agencia revisable por este Tribunal.[6] Ese no es el caso ante *nos*.

En el caso ante nuestra consideración, Hermina Venes presentó ante la DRA una primera *Solicitud de Remedio*

---

[5] Ley Núm. 38 de 30 de junio de 2017, según enmendada.
[6] Véase, *Sentencia* de 19 de marzo de 2024, *Quiñones Rivera v. Departamento de Corrección y Rehabilitación*, KLRA202400121; *Sentencia* de 21 de agosto de 2017, *Vega Feliciano v. Departamento de Corrección y Rehabilitación*, KLRA201700450.

*Administrativo.* Consecuentemente, la DRA a través del Evaluador emitió una primera *Respuesta al Miembro de la Población Correccional.* Posteriormente, el señor Herrera presentó ante la DRA una segunda *Solicitud de Remedio Administrativo.* Subsiguientemente, la DRA a través del Evaluador emitió una segunda *Respuesta al Miembro de la Población Correccional.* Sin embargo, no surge del expediente ante *nos* que el recurrente haya presentado una *Solicitud de Reconsideración* para revisar la respuesta emitida por el Evaluador ante un Coordinador.

Por lo tanto, tomando en consideración que la *Respuesta al Miembro de la Población Correccional* no contiene determinaciones de hecho y conclusiones de derecho, no es una decisión **final** revisable ante este Tribunal. En consecuencia, no albergamos jurisdicción para atender los méritos del recurso presentado por el recurrente y procede su desestimación por prematuro. No debemos pasar por desapercibido que, el perfeccionamiento adecuado de los recursos ante este Tribunal debe observarse rigurosamente. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *García Ramos v. Serrallés*, 171 DPR 250, 253 (2007).

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones