ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| JOSÉ A. VIERA RODRÍGUEZ<br><br>Recurrente<br><br><br>V.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400603 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación, Oficina de Programas y Desvíos Comunitarios<br><br>(Núm. Confinado 77889)<br><br>Sobre:<br>Pase Extendido con Monitoreo Electrónico |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

Comparece ante *nos*, José A. Viera Rodríguez (Viera Rodríguez o recurrente), quien se encuentra confinado en la institución Bayamón 501 del Complejo Correccional de Bayamón y recurre por derecho propio. En su recurso, Viera Rodríguez nos solicita que revisemos la *Respuesta de la Planilla de Información Necesaria para Evaluar Candidatos para el Programa Pase Extendido con Monitoreo Electrónico* emitida por el Departamento de Corrección y Rehabilitación (DCR o recurrida) el 19 de enero de 2024 y notificada el 20 de junio de 2024.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

## I.

El 19 de enero de 2024, notificada el 20 de junio de 2024, el DCR emitió una *Respuesta de la Planilla de Información Necesaria para Evaluar Candidatos para el Programa Pase Extendido con*

*Monitoreo Electrónico,* mediante la cual se le denegó al recurrente el pase extendido con monitoreo electrónico por este no cumplir con los criterios de elegibilidad. Así las cosas, el 20 de junio de 2024, la parte recurrente presentó una *Solicitud de Reconsideración.* No obstante, la *Solicitud de Reconsideración* no fue atendida por la agencia recurrida.[1]

Inconforme aun, el 4 de octubre de 2024, Viera Rodríguez compareció ante *nos* mediante una *Moción Solicitando Revisión Judicial* y señaló la comisión de los siguientes errores:

1. Erró el DCR al denegar la concesión del Pase Extendido con Monitoreo Electrónico por entender (sin fundamento) que cuenta con pena especial ignorando la evidencia que obra en el expediente que confirma lo contrario.

2. Erró el DCR al no atender oportunamente la Solicitud de Reconsideración presentada por el recurrente en la cual presentó evidencia de la exención del pago de pena especial, Ley 183 y reevaluar el caso según dispuso la Coordinadora de Programas y Desvío Comunitario.

Evaluado el recurso de revisión judicial, el 14 de noviembre de 2024, emitimos una *Resolución* mediante la cual le concedimos a la parte recurrida un término de veinte (20) días para presentar su posición al recurso. El 2 de diciembre de 2024, la parte recurrida presentó un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias".

---

[1] El 30 de agosto de 2024, se pospuso la determinación para participar del programa de desvío debido a la ausencia de un Informe de Evaluación del Plan Institucional actualizado y dado a que se había recibido la evidencia de que el recurrente estaba eximido del pago de la pena especial. El Informe de Evaluación del Plan Institucional fue recibido el 30 de octubre de 2024, pero la determinación fue pospuesta nuevamente el 13 de noviembre de 2024, pues en el plan de salida no estaba actualizado el número de teléfono del familiar.

*Municipio de Aguada v. W Construction, LLC*, 2024 TSPR 69, 213 DPR ____ (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24, 213 DPR ___ (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que

puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al., supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra*. Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires*. *Municipio de Aguada v. W Construction, LLC y otros, supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

De conformidad con lo anterior, se entiende que un *recurso prematuro* es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co.*, 142 DPR 492 (1997). Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357 (2001). Por

tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo. *Íd.*

Cónsono con esto, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

Así, también, es norma reiterada que el perfeccionamiento adecuado de los recursos ante este Tribunal debe observarse rigurosamente. *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *García Ramis v. Serrallés*, 171 DPR 250 (2007).

**III.**

Como cuestión de umbral, este tribunal intermedio tiene la obligación de auscultar nuestra jurisdicción para atender el recurso de revisión judicial presentado. Un examen cuidadoso del expediente judicial ante esta Curia nos demuestra que el recurso ante *nos* es uno prematuro. *Veamos.*

Surge del expediente ante nuestra consideración que, el 19 de enero de 2024, la parte recurrida emitió una *Respuesta de la Planilla de Información Necesaria para Evaluar Candidatos para el Programa Pase Extendido con Monitoreo Electrónico,* mediante la cual se le denegó al recurrente el pase extendido con monitoreo electrónico por este no cumplir con los criterios de elegibilidad. Dicho documento fue notificado a Viera Rodríguez el 20 de junio de 2024, cinco (5) meses después.

Ese mismo día, la parte recurrente presentó una *Solicitud de Reconsideración*; sin embargo, esta no fue atendida por la agencia recurrida. El 30 de agosto de 2024, la Oficina de Programas de Desvío y Comunitarios del DCR pospuso la determinación para que Viera Rodríguez participara del programa de desvío debido a que se

necesitaba un Informe de Evaluación del Plan Institucional Actualizado y dado a que se había recibido evidencia de que el recurrente estaba eximido del pago de la pena especial. Así las cosas, el 30 de octubre de 2024, fue recibido el referido informe actualizado. Sin embargo, el 13 de noviembre de 2024, la determinación fue pospuesta nuevamente. Esto, pues se necesita enviar el plan de salida actualizado con número de teléfono debido a que el número provisto en el informe no corresponde al familiar del recurrente.

Entretanto, el 4 de octubre de 2024, Viera Rodríguez compareció ante *nos* mediante un recurso de revisión judicial. Así, a solicitud nuestra, el 2 de diciembre de 2024, la parte recurrida presentó un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación.* Enunció que el recurso se presentó fuera del término jurisdiccional de treinta (30) días, por lo que es tardío. Sostuvo, además, que la evidencia del pago de la pena especial se recibió, pero que la decisión fue pospuesta el 13 de diciembre de 2024, pues se necesita enviar el plan de salida actualizado. Así pues, señaló que la decisión recurrida también carece de finalidad y que una vez se cuente con toda la información necesaria, el recurrente podrá acudir ante este foro intermedio de la determinación final ser adversa.

Según surge del derecho que antecede, un *recurso prematuro* es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co.,* *supra.* En vista de ello, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E., supra.* Por consiguiente, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo. *Íd.*

Aplicada la normativa expuesta a los hechos procesales del caso, y particularmente de los datos que surgen del *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación* que presentó la parte recurrida, no podemos más que concluir que el recurso aquí incoado es prematuro y, por consiguiente, carecemos de jurisdicción para atenderlo.

Conforme a lo anterior, no tenemos jurisdicción para considerar el recurso en sus méritos, pues la determinación de la agencia no es una final dado a que su determinación ha sido pospuesta en varias ocasiones. La falta de jurisdicción no puede ser subsanada, ni el Tribunal puede asumir la jurisdicción que no ostenta. En tales situaciones solo contamos con facultad para declarar la ausencia de jurisdicción y no entrar en los méritos del recurso. Véase, Regla 83 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos antes expuestos, se *desestima* el recurso de revisión judicial por ser uno prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre porque desestimaría por tardío.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones