Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ASOCIACIÓN DE RESIDENTES HACIENDAS DEL DORADO, INC.<br><br>Demandante-Apelado<br><br>Vs.<br><br>ELITE COMM LLC, **ELITE TOWERS LLC**, SOLARES Y TERRENOS DEL TERRUÑO LLC, ING. JAIME A. SEDA, OFICINA DE GERENCIA DE PERMISOS E INMOBILIARIA RÍO LAJAS, INC.<br><br>Demandados-**Apelante**<br>-------------------------------<br>ASOCIACIÓN DE RESIDENTES HACIENDAS DEL DORADO, INC.<br><br>Demandante-Apelado<br><br>Vs.<br><br>ELITE COMM LLC, ELITE TOWERS LLC, **SOLARES Y TERRENOS DEL TERRUÑO LLC**, ING. JAIME A. SEDA, OFICINA DE GERENCIA DE PERMISOS E INMOBILIARIA RÍO LAJAS, INC.<br><br>Demandados-**Apelante** | TA2025AP00388<br><br>CONSOLIDADO<br><br>CON<br><br>TA2025AP00392 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.<br><br>BY2025CV02992<br><br>Sala: 501<br><br>Sobre:<br><br>*INJUNCTION* ESTATUTARIO, LEY NÚM. 161 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

Comparecen las partes apelantes del epígrafe cada una mediante un alegato en apelación sobre la *Sentencia* emitida y notificada el 28 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Las partes apelantes

solicitan la revocación de la referida sentencia, en el dictamen el foro primario concedió la orden de interdicto estatutario solicitada por la parte apelada, la Asociación de Residentes de Haciendas del Dorado, Inc., y ordenó la suspensión del proyecto de construcción relacionado en la demanda.

Considerado el recurso de epígrafe a la luz del derecho aplicable, procedemos a desestimarlo por falta de jurisdicción.

**-I-**

El 10 de junio de 2025 la Asociación de Residentes del Dorado, Inc. presentó una *Petición de Injunction* ante el foro primario. En su demanda, alegó que los apelantes violaron ciertas condiciones restrictivas contenidas en la escritura de la urbanización. Específicamente, en la escritura pública quedó plasmada la prohibición de uso de los solares para todo uso, excepto el residencial. Empero, según las alegaciones, los apelantes comenzaron la construcción de una torre de telecomunicaciones conforme a un permiso de construcción otorgado por la Oficina de Gerencia y Permisos (OGPe). La parte apelada argumentó ante el tribunal apelado que el permiso de construcción viola las restricciones de edificación constituida mediante escritura pública debidamente inscrita, ya que la torre de comunicaciones no es una vivienda, tiene fines comerciales y podría privar a la urbanización de una exención contributiva que disfruta actualmente.

El 1 de julio de 2025 la Asociación de Residentes solicitó autorización para incluir a la Inmobiliaria Río Lajas, Inc. como parte codemandada. Conforme surge del expediente electrónico, el tribunal expidió el emplazamiento, y la Corporación fue emplazada el 9 de julio de 2025 conforme a la norma procesal.

Las partes tuvieron amplia oportunidad de argumentar sus posturas tanto por escrito como en sala. Consideradas las

posturas, el tribunal emitió sentencia a favor de la parte apelada, la Asociación de Residentes Haciendas de Dorado, Inc. y ordenó la paralización de la obra de construcción de la torre de telecomunicaciones, revocó el permiso otorgado por la OGPe, impuso costas, gastos y $3,000 en honorarios de abogado.

Inconformes, el 29 de septiembre de 2025 las partes apelantes comparecieron cada una mediante una apelación sobre la sentencia del presente caso, por ello, consolidamos sus recursos apelativos mediante *Resolución* del 1 de octubre de 2025 conforme al título de este recurso.

En el primer recurso del epígrafe, Solares y Terrenos del Terruño LLC señala los siguientes errores:

> EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ Y VIOLÓ EL DEBIDO PROCESO DE LEY (Art. II, Sec. 7, Const. P.R.) AL CONVERTIR UNA VISTA ARGUMENTATIVA PAUTADA EXCLUSIVAMENTE PARA UNA MOCIÓN DE DESESTIMACIÓN EN UNA ADJUDICACIÓN DE LOS MÉRITOS MEDIANTE SENTENCIA FINAL, IMPIDIENDO A LAS PARTES DEMANDADAS LA OPORTUNIDAD DE PRESENTAR PRUEBA Y DEFENSA, EN VIOLACIÓN A LAS REGLAS 36 Y 39 DE PROCEDIMIENTO CIVIL DE 2009. ADEMÁS, SIN DETERMINAR QUE SOLARES, FINCAS Y HACIENDAS LLC, ERA PARTE INDISPENSABLE EN EL PRESENTE CASO, VIOLENTANDO ASI EL DEBIDO PROCESO DE LEY DE LOS DEMANDADOS.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR SU SENTENCIA INMEDIATAMENTE LUEGO DE LA VISTA DE DESESTIMACIÓN SIN PERMITIR A LAS PARTES DEMANDADAS PRESENTAR SU PRUEBA. EL HONORABLE TRIBUNAL DETERMINÓ QUE LAS PARTES NO CUMPLIERON CON SU ORDEN DEL 1 DE JULIO DE 2025, QUE NO FUE NOTIFICADA A LAS PARTES POR NO HABER PRESENTADO ESTAS SUS MOCIONES ASUMIENDO REPRESENTACIÓN LEGAL A DICHA FECHA.
>
> EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL CONCLUIR QUE NO SE PROBÓ LA DEFENSA AFIRMATIVA DE RENUNCIA O ABANDONO (WAIVER AND ABANDONMENT) DE LAS CONDICIONES RESTRICTIVAS DE LA ESCRITURA NÚM. 11 (1996), BASANDO SU DETERMINACIÓN EN UNA DEBIDA CONSIDERACIÓN DE LA PRUEBA QUE FUE EXPRESAMENTE PROHIBIDA.
>
> ERRÓ EL TRIBUNAL DE PRIMERA EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CONSIDERAR EL VICIO JURISDICCIONAL QUE CONLLEVA EL

CIERRE DE ACCESO DE LA URBANIZACIÓN MEDIANTE LA ORDENANZA NÚM. 54, VICIANDO ASÍ LA LEGITIMACIÓN ACTIVA POR LA NULIDAD DE LA ASOCIACIÓN DE RESIDENTES DE HACIENDAS DEL DORADO, INC. PARA INCOAR EL PLEITO.

En el segundo, Elite Towers LLC señala los siguientes errores:

**PRIMER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL USAR INDEBIDAMENTE EL ART. 14.1 DE LA LEY 161-2009 COMO FORO PARA ADJUDICAR SERVIDUMBRES/ RESTRICCIONES PRIVADAS Y CONVERTIRLO, EN LA PRÁCTICA, EN UNA REVISIÓN GENERAL DE PERMISOS, CONTRARIANDO SU DISEÑO SUMARÍSIMO, TAXATIVO Y ACOTADO.

**SEGUNDO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EXCEDER EL REMEDIO PERMITIDO POR EL ART. 14.1, REVOCANDO EL PERMISO Y PARALIZANDO LA OBRA SIN ENCAJAR SU DECISIÓN EN CAUSAL TAXATIVA ALGUNA Y SIN CEÑIRSE A LA CIRCUNSCRIPCIÓN DEL ESTATUTO; ADEMÁS, INVIRTIÓ LA CARGA DE LA PRUEBA Y SE APOYÓ EN LA PREMISA ERRÓNEA DE "PERMISO INEXISTENTE" A PESAR DE LA NOTIFICACIÓN PREVIA POR OGPE.

**TERCER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL QUEBRANTAR EL CARRIL SUMARÍSIMO DEL ART. 14.1 MEDIANTE ENMIENDAS Y APERTURAS INCOMPATIBLES CON SUS TÉRMINOS PERENTORIOS (VISTA ≤10 DÍAS; SENTENCIA ≤20 DÍAS), LO QUE DESNATURALIZÓ EL PROCEDIMIENTO ESPECIAL.

**CUARTO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA SIN HALLAZGOS ESPECÍFICOS QUE ATEN CAUSAL, HECHOS Y REMEDIO; Y PEOR AÚN, SIN RESOLVER PRIMERO LOS UMBRALES JURISDICCIONALES DE PARTE INDISPENSABLE Y ACADEMICIDAD, VICIANDO EL PROCESO DESDE SU ORIGEN.

**QUINTO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CALIFICAR LA TORRE DE TELECOMUNICACIONES COMO "USO COMERCIAL", DESCONOCIENDO QUE, POR EL MARCO LEGAL LOCAL Y FEDERAL, SE TRATA DE INFRAESTRUCTURA ESENCIAL Y NO DE COMERCIO AL DETAL; POR ELLO, NO ACTIVA CLÁUSULAS QUE SOLO PROHÍBEN "USOS COMERCIALES".

**SEXTO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO ARMONIZAR LA INTERPRETACIÓN DE LA ESCRITURA CON SU CLÁUSULA DE FOMENTAR LA MAYOR DENSIDAD RESIDENCIAL (CONDICIONADA A JP/OGPE) Y CON LA NATURALEZA INFRAESTRUCTURAL DE LA FACILIDAD DE INFRAESTRUCTURA IMPUGNADA.

La parte apelada compareció para solicitar la desestimación de las apelaciones consolidadas, igualmente la OGPe. Estas partes solicitaron la desestimación el presente recurso consolidados por distintas razones. Examinados los escritos desestimatorios, concedimos término a las partes apelantes para mostrar causa por lo cual no debíamos proceder conforme solicitado en las mociones de desestimación. Los apelantes comparecieron y postularon a favor de la disposición en los méritos del recurso consolidado. Considerados los alegatos de las partes apelantes, los escritos en torno a las desestimaciones solicitadas, estamos en posición de disponer del presente recurso.

## -II-

### -A-

La Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.1 ordena la notificación de los escritos a todas las partes, salvo a aquellas que se encuentren en rebeldía por falta de comparecencia. La regla dispone: "[t]oda orden emitida por el tribunal y todo escrito presentado por las partes será notificado a todas las partes". Es decir, cuando una parte fue debidamente emplazada, y comparece, debe recibir **notificación** de todas las incidencias correspondientes al caso. Véase, *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 105 (2002); *Bco. Popular v. Andino Solís*, 192 DPR 172 (2015). El debido proceso de ley requiere, la notificación adecuada de toda orden, resolución y sentencia. *Caro v. Cardona,* 158 DPR 592, 599 (2003). "[L]a correcta y oportuna notificación de las órdenes y sentencias es requisito sine qua non de un ordenado sistema judicial". J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil* San Juan, Pubs. J.T.S., Vol. II, pág. 436. "[H]asta que no se notifica adecuadamente a las partes una resolución, orden o sentencia, ésta no surte efectos y los distintos términos que de ella dimanan no comienzan a decursar".

*Íd.,* págs. 599-600. "[L]a notificación defectuosa priva de jurisdicción al foro revisor para entender sobre el asunto impugnado... y tiene el efecto de que el recurso que se presente ante un tribunal de mayor jerarquía sería prematuro". *Puerto Rico Eco Park v. Municipio de Yauco*, 202 DPR 525, 538 (2019). Esto, pues:

> No podemos pasar por alto que la falta de jurisdicción sobre la materia es una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas. Como la falta de jurisdicción incide sobre el poder mismo para adjudicar la controversia, los tribunales tienen el deber ministerial de evaluar el planteamiento con rigurosidad.
>
> *Íd.,* pág. 539.

### -B-

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional. Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia. *Ruiz Camilo v. Trafon Group, Inc., supra.* Ello en vista de que el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe. *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016).

Un *recurso prematuro* es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co.,* 142 DPR 492 (1997).

Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357 (2001). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500-501 (2019); *Ruiz Camilo v. Trafon Group, Inc., supra*, pág. 269.

Por su parte, La Regla 83 del Reglamento del Tribunal de Apelaciones faculta a este foro a desestimar *motu proprio* o a petición de parte un recurso apelativo si carecemos de jurisdicción:

> [...]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción.
>
> [...]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) de esta Regla.

### -III-

Un examen del expediente muestra que la *Sentencia* emitida y notificada el 9 de junio de 2025, no fue notificada a la OGPe y tampoco a la Inmobiliaria Río Lajas, Inc. Conforme surge de la notificación electrónica en el expediente, la sentencia apelada únicamente fue notificada a las siguientes partes: (1) La Asociación de Propietarios de Haciendas del Dorado, Inc.; (2) Solares y Terrenos del Terruño, LLC, como parte demandada; (3) Elite Towers, LLC. En el caso comparecieron formalmente las siguientes partes: a. La Asociación de Propietarios de Haciendas del Dorado, Inc., como parte demandante; b. La Oficina de Gerencia de Permisos, como parte demandada y otorgante del permiso de

construcción objeto del pleito; c. Solares y Terrenos del Terruño, LLC, como parte demandada; d. Elite Towers, LLC; e. Elite Comm, LLC; f. el señor Jaime Seda, y g. la Inmobiliaria Río Lajas, Inc. como partes demandadas.

Ahora bien, tanto la OGPe e Inmobiliaria Río Lajas, Inc. fueron emplazadas conforme a derecho. Empero solo la OGPe compareció, y participó del procedimiento ante el foro primario, inclusive acudió ante este foro para solicitar a su favor la desestimación de las apelaciones. Indistinto a lo anterior, no surge del expediente que el tribunal de primera instancia emitiera un dictamen final desestimatorio de la demanda a favor de la OGPe y de la Inmobiliaria Río Lajas, Inc., conforme a la norma prevaleciente en nuestra jurisdicción. *Véase*, Regla 42 de Procedimiento Civil, 32 LPRA App. V, Regla 42. Por tanto, corresponde la notificación a la OGPe y a la Inmobiliaria Río Lajas, Inc.  de la sentencia apelada. El término del cual disponen las partes para presentar el recurso de apelación ante este foro comenzará una vez el foro primario notifique adecuadamente la sentencia apelada.

La deficiencia en la notificación nos priva de jurisdicción, toda vez que el término para acudir en apelación no comenzó. En *PR Eco Park v. Municipio de Yauco*, 202 DPR 525 (2019), el Tribunal Supremo reiteró que "la notificación defectuosa priva de jurisdicción al foro revisor para entender sobre el asunto impugnado. Lo anterior tiene el efecto de que el recurso que se presente ante un tribunal de mayor jerarquía sería prematuro". *Íd.*, 538. Un recurso prematuro, como las apelaciones del epígrafe, sencillamente adolecen del grave e insubsanable defecto de falta de jurisdicción. *Hernández Apellániz v. Marxuach Const. Co.*, 142 DPR 41 (1997). Lo anterior nos quita la oportunidad de considerar los méritos de las apelaciones presentadas, ya que, solo procede la

desestimación de los recursos consolidados al amparo de la Regla 83 (C) de nuestro Reglamento.

### -*IV*-

Por los fundamentos expuestos, *desestimamos* los recursos consolidados de título por falta de jurisdicción. Regla 83 (C) del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones